CHICOT COUNTY *v.* TILGHMAN, EX'RX

COUNTY COURT--- *With what powers vested.*---The county court is vested, by law, with power to "audit, settle and direct the payment of all claims against the county."

APPEAL FROM.---Appeal from the decision of the county court, in allowing or rejecting a demand against the county, lies only by the party or parties interested in the rejection or allowance, and not by citizens who are not interested.

*Appeal from the County Court of Chicot County.*

*Garland & Nash,* for appellant.

The Supreme Court has appellate jurisdiction over the final orders and judgments of the county court, unless in cases where the appeal is given to the circuit court. See *Code, p. 23, sections 15 and 16.*

The appellate jurisdiction of the circuit court, over the orders and judgments of the county courts, does not embrace a case like this. See *Code, p. 25, sec. 19.*

*English, Gantt & English and Reynolds,* for appellee.

Neither under the Constitution of 1836, nor 1864, would an appeal lie directly from the county court, to the Supreme Court. The circuit courts had appellate jurisdiction from all orders or judgments of the county court, etc., etc. *Gould's Digest, sec. 15, chap. 49, p. 318; also sec, 16.* See *Code Civil Practice, chap. 1, sec. 15,* referring to exceptions in *sec. 16.* See also *sec. 19, chap. 2 Code.*

The mere omission of the Code to provide for an appeal to the circuit court in such cases, does not operate as a repeal of statutes in force, allowing such appeals.

McCLURE, C. J.

It appears from the record in this case, that Mrs. Tilghman, as executrix of Lloyd Tilghman, deceased, presented an ac-

count, for allowance, against the county of Chicot. The account was for the allowance of the principal and interest upon a certain bond that read as follows:

" No.————                         STATE OF ARKANSAS.

Bond of the county of Chicot, issued by an order of the county court, at the April adjourned term, 1860, for $1000.

The county of Chicot acknowledges to be indebted to the Mississippi, Ouachita and Red River railroad company, in the sum of one thousand dollars, which sum the said county of Chicot promises to pay to the order of said railroad company, five years after date, with interest thereon, at the rate of eight per cent. per annum, payable annually.

In witness whereof, etc.

(Signed.)                A. H. DAVIS, *Judge.*    [SEAL.]
(Signed:) B. F. STEPHENSON, *Clerk.*"

The claim was allowed and the county clerk directed to draw a warrant on the county treasurer for $1,760, it being the principal and interest due on said bond. During the pendency of the claim before the county court, the county attorney made some motions and filed a demurrer, all of which were overruled, and exceptions taken. The court then adjourned for two weeks, after the expiration of which time it met, when the county attorney, on behalf of *himself and other citizens* of the county of Chicot, prayed an appeal, which the county court rejected. Application was then made to the clerk of this court for an appeal and supersedeas, which was granted.

Section seven, of chapter 49, of Gould's Digest, (317,) in speaking of the powers of the county court, says, the court shall have the following powers:  *  *  *  "to audit, settle, and direct the payment of all demands against the county." The 16th section of the same chapter provides that "appeals shall be granted from all orders or judgments of the county court, making allowances; or refusing to make allowance to any individual or individuals, made in the county court."

These provisions of the law are in force, and by them this

case must be determined.   As has been seen, the county court was vested, by law, with the power to "audit, settle, and direct the payment of all demands against the county."   From the judgment of the county court in auditing, settling and directing the payment of demands against the county, an appeal is given; but this appeal only extends to such persons as may have an interest in the claim, and who feel aggrieved by the allowance or rejection of their demand; it has no reference to the citizens of a county who are not interested in the allowance of the claim.   The idea of a county appealing from the allowance of a claim made by its county court, is simply ridiculous.   The county court represents the county.   An individual presenting a claim against the county, if the county court should only allow a part of his demand, or should reject it altogether, has the right of appeal; but should the county court allow a larger claim than a half dozen tax payers might think politic, such an allowance does not authorize them, nor confer on them the right to use the name of the county and appeal the cause to this or any other court, especially, in a case, where the county court has shown that it did not desire the case appealed.

Inasmuch as no appeal would lie in this case, *directly* to this court, either at the instance of the county court itself or volunteer appellants, it is hereby ordered that the appeal and supersdeas, granted by the clerk of this court, be set aside, and the cause is ordered to be stricken from the docket.

*Garland & Nash,* for appellant.

*English, Gantt & English, and Reynolds,* for appellees.