## OUACHITA COUNTY *v.* ROLLAND.

### Opinion delivered May 11, 1895.

1. *Judgment against county—Right of judge to appeal.*

   Under Sand & H. Dig. sec. 1270, which provides that "when appeals (from judgments of the county court) are prosecuted in the circuit or supreme court, the judge of the county court shall defend the same," a county judge is authorized to appeal from a judgment of the circuit court reversing the judgment of the county court in a matter affecting the interest of the county.

2. *Liquors—Discretion as to granting license.*

   The discretion of the county court is properly exercised in refusing to grant a license to sell liquors to one who fails to show that she possesses "a good moral character," as required by sec. 4869, Sand. & H. Dig.

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

*Gaughan & Sifford* for appellant.

A county judge may, notwithstanding that a majority of the votes cast at an election be "for license," refuse license to any and all persons, and his refusal cannot be questioned in any legal proceeding, or before any legal tribunal.    Sand & H. Dig. sec. 4869 ; 34 Ark. 394; 43 *id.* 42.    But, having elected to issue license, he is not allowed *arbitrarily* to issue to one and withhold from another.    43 Ark. 42.    But he may grant license to a reputable citizen, and refuse license to another whose past conduct and character is such that it might reasonably be expected to result in violation of law or in the encouragement of shameful practices.    43 Ark. 42.

*Thornton & Thornton* for appellee.

The time for which the license was granted has long since expired, and nothing is to be gained by a reversal of this cause.    This court will not reverse except

for prejudicial error.    43 Ark. 219.    The question in this case is, did the county judge grant license to one person and withhold the same from another party of *like character and qualifications?*    The circuit judge decided that he did, and, the evidence being conflicting, the finding of the court is conclusive.    46 Ark. 524 ; 45 *id*. 139; 25 *id*. 474.    The county judge cannot *arbitrarily* grant licence to one and refuse others of like character and qualifications.    43 Ark. 61.

BATTLE, J.    On the 5th of April, 1893, Blanche Rolland applied to the county court of Ouachita county for a license to sell malt liquors, by the wholesale, at her place of business in the First ward of the town of Camden ; and deposited with the collector the sum of one hundred and fifty dollars, the amount of State and county taxes required to be paid therefor, and also an amount in addition sufficient to pay the costs of issuing the same.    The petition was rejected, and the applicant appealed to the circuit court.

It was admitted, at the hearing of the petition by the circuit court, that a majority of the voters of the county, and of the town of Camden, and of the First ward, voted, at the general election last preceding the time when the application was filed, in favor of liquor license; that the court granted, for one year, 1893, to Hickey & Avera, M. McIntyre, Henry Lazarus and Lazarus & Levy, licenses to sell liquor by wholesale and retail in said ward ; and that the house in which liquor was to be sold under the license to Blanche Rolland, if granted, is known as the "Commercial Hotel," and has been, and is now, and is intended to be, kept and used, openly and notoriously, as a house of ill-fame or prostitution.

Evidence was adduced tending to show that the "Commercial Hotel" had been kept as a house of ill-

fame for more than twelve months next before the application for license in this case was made ; that it had been, and was, at all times, on an average, the abode of six prostitutes ; that liquor had been sold there at all times, even on the Sabbath ; that it was a place where drunken men assembled, and disturbances sometimes occurred ; and that the petitioner, Blanche Rolland, who was the proprietress, paid monthly to the city of Camden a fine of $50 for keeping a bawdy house. Witnesses testified that Henry Lazarus, to whom license to sell liquor by retail in the year 1893 was granted, kept a negro dive in the rear end of his saloon, where liquor was sold, and gambling on Sundays was permitted ; that this was in 1893, but in 1892 he kept a neat and orderly house, and "one of the nicest bars, if not really the nicest, in the city."

The court found "that the county judge of said county had granted license to sell beer in said ward and county for the present year (1893) to another person of like character and qualifications as those possessed by the applicant ; and ordered that a license be granted to Blanche Rolland to sell beer by the wholesale, at her place of business in the First ward, from the first day of January, 1893, to the 31st of December following.

1. Right of county judge to appeal for county. An appeal from the judgment of the circuit court to this court was taken by the county judge. No question has been raised as to his authority to take the appeal, but we have thought proper to investigate it.

Section 1270, Sand. & H. Dig., provides : "When appeals are prosecuted in the circuit or supreme court, the judge of the county court shall defend the same." No other authority, in this respect, it seems, has been given. The extent of that given is not well defined, as it is not clear what is meant by the words "shall defend the same." It is obvious that the authority conferred by them was given for the purpose of protecting

the interest of the county, which may be involved. It would be against the liberal policy of the law to so limit it as to deny him the right to take an appeal when the county may be aggrieved by the judgment of a circuit court. As a general rule, all parties aggrieved are allowed to take appeals from all judgments of the circuit and inferior courts. There can be no good reason why counties should be denied the same right, except as to judgments of the county courts. As to these judgments, it would serve no useful purpose to give the county judge the right to appeal, as it is presumed that, having rendered the judgments, he would never see the occasion for exercising it. But it is different as to judgments of the circuit courts which affect the interest of a county. The statute recognizes this difference when it says: "When appeals are prosecuted in the circuit or supreme court, the judge of the county court shall defend the same." But how is he to "defend the same"? Necessarily by taking such action as will secure or protect the interest of his county as he shall see it. By imposing this duty upon him the statute incidentally and necessarily invested him with the right to use those remedies provided for that purpose. Among these one of the most valuable is the right to appeal to the highest court.

The only reason given for allowing Blanche Rolland license to sell liquor was, the county court had granted license to another person of the character and qualifications possessed by the petitioner, and therefore had no right to refuse her the same right. The person referred to was Henry Lazarus. The evidence shows that he kept a neat, orderly saloon in 1892. Blanche Rolland had kept a disorderly bawdy house in the same year. There was no arbitrary discrimination by the county court between the two. There was a good reason for granting license to one and refusing it to the other. It

2. Discretion as to granting liquor license.

is true that Lazarus kept a disorderly house of low repute in 1893, but this was after the license for that year had been granted, and could not have affected the action of the county court, and does not show any arbitrary discrimination in favor of Lazarus against Rlloand.

Section 4869, Sand. & H. Dig., provides that "if a majority of the votes cast in any county upon the question be 'for license,' then it shall be lawful for the county court to grant license for the purposes aforesaid (to sell alcohol, or spirituous, vinous, ardent, malt or fermented liquors, or any compound or preparation thereof, commonly called tonics, bitters, or medicated liquors, in any quantity) to persons of good moral character, over the age of twenty-one years, within any township, town or ward of a city in such county, where the majority of the votes cast upon the question was 'for license,' but in no other, and the same is not otherwise prohibited, subject to the conditions and restrictions of this chapter." The right to grant license is limited by this section to persons of good moral character over the age of twenty-one years. The object of this limitation, in part, evidently was to aid in the prevention or suppression of the crimes and vices which are sometimes associated with or grow out of the sale of liquor. The enforcement of the laws, doubtless, could be materially aided, in the way of suppressing gaming and violations of the Sabbath and other vices, by granting license exclusively to such persons. But, whatever may be the object of the statute, no one is entitled to license unless he can show that he possesses the statutory qualifications. The county court can require him to do so. Blanche Rolland could not and did not do so, and, moreover, wanted the license for an immoral purpose. She was not entitled to it.

The circuit court evidently thought that the county court, in granting licenses, had no right to make arbi-

trary distinctions between persons ; and may have relied on Ex parte *Levy*, 43 Ark. 42. This court announced its conclusions in that case as follows : ''We think the discretion of the county court extends to determining whether or not any license at all shall be issued in any particular township or ward, after that discretion may have been conferred by the vote of said township or ward, and by the vote of the county. But, having adopted the policy by issuing any license, it has no further discretion in a particular case than to determine whether the applicant has complied with all the requirements of the law, and is of good moral character.'' According to the Levy case, the county court did not transcend the limits of its authority in refusing license to Blanche Rolland, for the reason she was not of good moral character.

The judgment of the circuit court is clearly erroneous. But, inasmuch as the time for which the license was granted has expired, the cause will be disposed of here by rendering judgment against Blanche Rolland for all the costs incurred in this and the lower courts ; and it is so ordered.