SUMPTER *v.* BUCHANAN.

Opinion delivered November 16, 1908.

COUNTY—DISALLOWANCE OF CLAIM AGAINST—RIGHT OF COUNTY JUDGE TO APPEAL.—A county judge is not authorized to appeal from a judgment of the circuit court disallowing a claim against the county.

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; appeal dismissed.

### STATEMENT BY THE COURT.

The subject-matter of this action is an allowance made by the county court of Garland County to M. J. Murphy for work and materials alleged to have been done and furnished by him for the plumbing and heating of the county jail.

Appellee, as a citizen and taxpayer of Garland County, duly prosecuted an appeal from the order of allowance to the circuit court.

After hearing the evidence, the circuit court rendered the following judgment:

"Now on this day, this cause having heretofore been submitted to the court, and the court, being well and sufficiently advised, finds, as a matter of fact, that the contract, as alleged to have been made by the county court with M. J. Murphy, in

the sum of $2,125 for plumbing and heating the county jail of Garland County, was void for the reason that the same was not made during term of the county court, and for the further reason that the contract was not advertised and publicly let; also because no previous appropriation had been made for making such improvement. In view of the above findings the court does not feel called upon to pass on the reasonableness or unreasonableness of the amount of the allowance, and therefore finds that the judgment of the county court in allowing the claim of M. J. Murphy for $2,125 was without authority of law. and therefore void."

O. H. Sumpter, as judge of the county court, filed his motion for a new trial, and, upon the same being overruled, has duly prosecuted an appeal to this court.

Appellee moves to dismiss his appeal.

*C. Floyd Huff* and *Murphy, Coleman & Lewis,* for appellant. *Wood & Henderson,* for appellee.

HART, J. (after stating the facts). Sec. 1493 of Kirby's Digest provides that when appeals are prosecuted in the circuit or Supreme Court, the judge of the county court shall defend the same. This court has held that this includes the right to take an appeal. Ex parte *Morton,* 69 Ark. 48; *Ouachita County* v. *Rolland,* 60 Ark. 516. These were cases where the county judge appealed from an adverse judgment. Here the judgment of the circuit court was in favor of the county, and the question is presented, can the county judge in such case take an appeal?

In discussing the statute above referred to, in the Ouachita County case, the court said: "It is obvious that the authority conferred by them (referring to the words 'shall defend the same') was given for the purpose of protecting the interest of the county, which may be involved. It would be against the liberal policy of the law to so limit it as to deny him the right to take an appeal when the county may be aggrieved by the judgment of a circuit court. As a general rule, all parties aggrieved are allowed to take appeals from all judgments of the circuit and inferior courts. There can be no good reason why counties should be denied the same right, except as to judgments of the county courts." Thus it will be seen that the statute pri-

marily imposes upon the county judge the duty of defending its suits on appeal, and, as an aid to him in the discharge of that duty, he may take an appeal from a judgment of a circuit court when he deems it necessary for the purpose of protecting the interest of the county. But in defending suits in which the county is interested he acts only as agent or representative of the county, and, unless the decision is adverse to the county, there is no occasion for the county judge to prosecute an appeal. His only duty is to make a defense for the county, and if the judgment of the circuit court is in its favor, he has discharged the duty imposed upon him, and his authority to act ceases.

The general rule is that a party who succeeds has no right to an appeal. Elliot on Appellate Procedure, § 147. This rule was applied by this court in the case of *Phillips* v. *Goe,* 85 Ark. 304, where the parties prosecuting the appeal had been granted the relief which they originally asked for.

This opinion is not to be taken as in any manner determining whatever rights, if any, Murphy may have by appeal or otherwise, and merely goes to the right of the county judge to prosecute an appeal from a judgment in favor of the county.

Ordered that the appeal be dismissed.