SCHOOL DISTRICT No. 44 *v.* RURAL SPECIAL SCHOOL DISTRICT
No. 10.

Opinion delivered April 9, 1917.

1.  SCHOOL DISTRICTS—ANNEXATION—PARTIES.—Under Kirby's Digest,
    § 7695, authorizing the annexation of contiguous property to a school
    district, the school district which includes the territory to be annexed,
    is made, by the statute, a party to the record.

2.  SCHOOL DISTRICTS—ANNEXATION OF TERRITORY—POWER OF DI-
    RECTORS.—The directors of a school district may, under Kirby's
    Digest, §§ 7614 and 7626, resist proceedings to annex a portion of
    their property to another district.

3.  SCHOOL DISTRICTS—ANNEXATION OF TERRITORY—WHO MAY APPEAL.—
    When it is sought under Kirby's Digest, § 7695, to annex certain
    territory of one school district to another, the district whose terri-
    tory is to be annexed may, under Kirby's Digest, § 1487, appeal
    from a judgment of the county to the circuit court, without its
    board of directors first appearing in the county court.

Appeal from Polk Circuit Court; *Jefferson T. Cow-
ling,* Judge; reversed.

*W. Prickett,* for appellant.

1.   The court erred in dismissing the appeal.  Appel-
lant was the party aggrieved and had the right to appeal,
and an appeal was prayed and granted.  Kirby's Digest,
sec. 1487; 49 Pac. 5; 39 Am. Dec. 716; 3 N. E. 180; 100
N. Y. 243; 45 S. E. 498; 118 Ga. 684; 88 Ill. 490; 3 Corp.
Jur. 620; 45 N. E. 706; 128 Mass. 592; 28 Ark. 478; 30 *Id.*
578; 64 *Id.* 349; 66 *Id.* 82; 90 *Id.* 219; 95 *Id.* 385; 109
*Id.* 11.

2.   Taking an appeal is a general appearance.  4 C.
J., sec. 37; 1 Ark. 55; 2 *Id.* 195; 42 *Id.* 268; 53 *Id.* 181; 68
*Id.* 561; 85 *Id.* 431; 87 *Id.* 230.

*Minor Pipkin,* for appellee.

1.   The record showed no cause pending between the
two school districts.

2.   The affidavit for appeal was not sufficient.  2
Corp. Jur. 341, sec. 57; Kirby's Digest, sec. 1487.

3.   District No. 44 was not a party.  Kirby's Digest,
secs. 7695, 1487; 77 Ark. 586.  Nor was it aggrieved.

Hart, J.   On January 19, 1916, a petition was filed in the county court of Polk County, Arkansas, to annex certain territory of School District No. 44 to Rural Special School District No. 10. The petition was signed by the directors of Rural Special School District No. 10, and by certain qualified electors residing in the territory to be annexed. A map was annexed to the petition, and it shows that about fifteen hundred acres of land was asked to be taken from Common School District No. 44, and that there was left in it only about eight hundred acres of land. The petition was filed under section 7695 of Kirby's Digest, which provides that the county court shall annex contiguous territory to single school districts under the provisions of the act when a majority of the legal voters of said territory and the board of directors of said single district shall ask by petition that the same shall be done. On the same day the petition was presented to the county court and the prayer of the petition was granted and the territory described in the petition and plat was ordered annexed to Special School District No. 10 as prayed for.

In *Rural Special School District No. 17 v. Special School No. 56*, 123 Ark. 570, the court held that the language of section 7695 was not mandatory. On July 14, 1916, two of the directors of School District No. 44 filed their affidavit for appeal in statutory form. The county court entered an order allowing the appeal and directing its clerk to file a transcript of the papers and the proceedings in the case with the clerk of the circuit court, which was done.

In the circuit court, Rural Special School District No. 10, through its directors, filed a motion to dismiss the appeal on the ground that School District No. 44 was not a party to the proceedings in the county court, and had no right to appeal under the statute. The circuit court sustained the motion and ordered that the appeal be dismissed. The directors of School District No. 44 have appealed to this court.

Article 7, section 33, of the Constitution of 1874, provides that appeals from all judgments of county courts may be taken to the circuit court under such restrictions and regulations as may be prescribed by law. To carry this provision of the Constitution into effect, the Legislature enacted section 1487 of Kirby's Digest, which provides that appeals shall be granted as a matter of right to the circuit court from all final orders and judgments of the county court at any time within six months after rendition of same by the party aggrieved filing an affidavit and prayer for appeal with the clerk of the court in which the appeal is taken. The record shows that an affidavit and prayer for appeal was filed within the time prescribed by this statute by the directors of School District No. 44, and that the county court granted the appeal.

It is the contention of counsel for appellee, however, that because School District No. 44 was not formally made a party to the proceedings in the county court by an order of the county court that it is not "the party aggrieved" within the meaning of section 1487 of Kirby's Digest. To support this contention, they rely on *Casey* v. *Independence County,* 109 Ark. 11; *Phillips* v. *Goe,* 85 Ark. 305, and *Turner* v. *Williamson,* 77 Ark. 586.

The *Casey* case was where a citizen and taxpayer was allowed to intervene in proceedings in the county court for the designation of a county depositary. In the *Phillips* case, the revocation of a prohibitory order of the sale of liquors was involved. In the *Turner* case the question of granting a ferry license was in issue. In each of these cases and in other cases of like character, where a citizen and taxpayer whose interest is not directly affected by the special proceedings, desires to appeal from the order of the county court, he must appear in that court and be made a party to the proceedings. In no other way could the record show his interest in the proceeding or his right to appear and be made a party thereto. After the order in the case is made, the proceedings are at an end so far as the county court is concerned; unless it

should exercise its right of setting aside the order during the term for cause shown. So the proceedings being at an end in that court, the county court could not determine whether the party seeking to appeal was directly interested in the subject-matter of the litigation and he is not a "party aggrieved" within the meaning of the statute.

Here the facts are essentially different. School District No. 44 is a party to the record by virtue of the statute under which the proceedings were instituted and its right to test the validity of the proceedings by appeal is clear. By the terms of the statute its right to the property asked to be taken from it and annexed to the special school district was to be established or divested by the judgment of the county court. It had no other time, place or forum in which to determine its rights in the matter. If the petition was granted, its rights to the property were lost, and if the petition was rejected, the property remained its own. We think the right of the directors of the district to appeal is analogous in principle to that of the county judge where the interests of the county are involved. We have a statute which provides that when appeals are prosecuted in the circuit court or Supreme Court, the judge of the county shall defend same. This court held that by imposing this duty upon him, the statute incidentally and necessarily invested him with the right to appeal in behalf of the county. *Ouachita County* v. *Rolland*, 60 Ark. 516.

In the later case of *Ex parte Morton*, 69 Ark. 48, where the adult inhabitants residing within three miles of a schoolhouse filed a petition in the county court asking the county court to make an order prohibiting the sale of intoxicating liquors within three miles of a schoolhouse, the county court refused to make the order and the petitioners appealed to the circuit court. The circuit court granted the prayer of the petition and made an order forbidding the sale of intoxicating liquors within the territory named. The record then recites that thereupon the county judge asked that the county be made a party,

which request the court refused.  He then prayed an appeal to the Supreme Court, which was granted.  The Supreme Court held that the county judge had the right to appeal from the order of the circuit court.

Mr. Justice RIDDICK, speaking for the court, said: "Our statute provides that when appeals from the orders and judgments of a county court are prosecuted in the circuit or Supreme Court, the judge of the county court shall defend the same.  Sand. & H. Dig., 1270.  This, as heretofore decided, includes the right to take an appeal. *Ouachita County* v. *Rolland,* 60 Ark. 516, 31 S. W. 144. Nor do we think it was necessary that either the county or the county judge should be made a party to the proceedings in the circuit court, in order to exercise this right.  The circuit judge did not err in refusing to make the county a party, but the county judge still had the right to appeal by virtue of the statute, and the motion to dismiss the appeal must therefore be overruled."

We think the rule there announced applies with equal force here.  Section 7541 of Kirby's Digest provides that each school district shall be a corporate body, and under its name may sue and be sued in any of the courts of this State having competent jurisdiction.  Section 7614 provides that the directors of the school district shall have charge of the schoolhouse and grounds and other property belonging to the district, and shall carefully preserve the same.  Section 7626 provides that the school directors, in all suits and actions at law brought by or against their district, shall appear for and in behalf of said district.

Thus it will be seen that the trend of our decisions is that "the party aggrieved" by the judgment must appear by the record.  In application of this rule to the present case a citizen or taxpayer of School District No. 44 would not be allowed to take an appeal from the judgment of the county court unless he had been made a party to the proceedings in that court or had asked to be made a party upon proper showing.  The reason is that

his interest in the judgment would not appear by the record, and he would not be a "party aggrieved" within the meaning of the statute.  On the other hand proceedings under section 7695 necessarily involve the school district from which the property is sought to be taken and annexed to the special school district and by force of the statute it is an interested party just as much as the county is an interested party when an order affecting its interest is made.  As shown by the record in the present case, the greater part of its territory is sought to be taken away. In any case the schoolhouses and other property of the district might be situated on the ground asked to be annexed to the special school district.  By the statute it is made the duty of the directors of the school district to protect its property and to represent the district in all suits by or against it.  This undoubtedly carried with it the right of the directors to have appeared in the county court and resisted the proceedings in the present case. The power given by the statute also gave them the right to appeal without first having appeared in the county court with just as much reason as the statute making it the duty of the county judge to defend for the county gave him the right to appeal from the judgment of the circuit court without first having formally made the county a party to the proceedings in the circuit court.  In short, our views are that under section 7695, the school district from which territory is sought to be taken and annexed to a special school district is made a party to the proceedings by virtue of the statute, and the directors of such school district may take an appeal from the proceedings without first having appeared in the county court and asked to be made a party to the proceedings therein.

For the error in dismissing the appeal of School District No. 44, the judgment must be reversed and the cause will be remanded for further proceedings according to law.

McCULLOCH, C. J., (dissenting). A proceeding under the statute to annex territory to a school district is not an adversary one, but it may become such by any interested person appearing and making himself a party on permission of the court. The school district whose territory is about to be invaded may, perhaps, be made a party for the purpose of remonstrating against the change, but it is, I think, a mistake to say that such district becomes a party *ipso facto*, upon the institution of the proceedings. The statute is not mandatory, and in order to reach a conclusion as to the propriety of annexing the territory, the court may and should, when so requested, allow interested property owners, or perhaps the invaded school district, to be made parties. *School District No.* 45 v. *School District No.* 8, 119 Ark. 149; *Rural Special School District No.* 17 v. *Special School District No.* 56, 123 Ark. 570.

The statute provides that territory may be annexed ''when a majority of the legal voters of said territory and the board of directors of said single district shall ask by petition that the same shall be done.'' Kirby's Digest, sec. 7695. There is no statutory provision whatever for parties defendant, and the proceeding is in no sense a contest between two school districts. If it had been so intended, provision would have been made for notice, as in all other adversary proceedings.

No one is, therefore, aggrieved by the judgment unless it be one who has actually been made a party to the record. The cases relied on by appellees and cited in the opinion of the majority fully sustain that proposition. There is no analogy, I think, between the duties of school directors and of a county judge in regard to appeals. This court held that a county judge could appeal from a judgment of a circuit court rendered on an appeal from the county court, for the reason that the statute provides that when appeals are prosecuted in the circuit court from orders of a county court, ''the judge of the county court shall defend the same'' (Kirby's Digest, section

1493), which was construed as making the county court a party to all appeals to the circuit court from its orders. There is no such provision as to the duties of school directors. They act for the district when sued, but the district is not sued when the electors of part of its territory petition the county court to be annexed to an adjoining single school district, for the county court acts, pursuant to its statutory authority over the school system of the county, upon the petition of the electors, and not in adjustment of a controversy between two districts.

My view of the matter is that the circuit court was correct in dismissing the appeal for the reason that School District No. 44, not having been made a party to the proceeding, was not aggrieved by the judgment of the county court within the meaning of the statute.