PULASKI COUNTY, Arkansas *v.* JACUZZI BROTHERS DIVISION of Jacuzzi, Inc., Merico, Inc., Smith Fiberglass Products, Inc., and City of Little Rock, Arkansas

93-963 875 S.W.2d 496

Supreme Court of Arkansas
Opinion delivered May 9, 1994

Pulaski County Attorney's Office, by: *Nelwyn Davis*, Ass't County Att'y, for appellant.

*Friday, Eldredge & Clark*, by: *John Roy White*, for appellees Jacuzzi Brothers and Smith Fiberglass Products, Inc.

*Thomas M. Carpenter*, City Att'y, for appellees City of Little Rock and Merico, Inc.

STEELE HAYS, Justice. This case involves a request by the appellees for an exemption from taxation filed in the Pulaski County Court pursuant to art. 7, § 28 of the Arkansas Constitution. The county court granted the exemption and the county appealed to the circuit court pursuant to Ark. Const. art. 7, § 33 and Ark. Code Ann. § 16-67-201 (1987). The appellees moved to dismiss the county's appeal on the premise that a county may not appeal from an adverse decision of its own court. The circuit court granted the motion and Pulaski County has appealed to this court, asking us to decide whether a county may appeal to the circuit court from an order of the county court pursuant to Ark. Const. art. 7, § 33. We hold that a county may appeal from a decision of the county court but that the assessor should join in the appeal.

Appellees are the City of Little Rock (City) and Jacuzzi Brothers Division of Jacuzzi, Inc., Merico, Inc., and Smith Fiberglass Products, Inc., (Industries). Some years ago the City developed several properties for industrial purposes through Act 9 of 1960 revenue bonds and leased them to the Industries. Since the inception of the leases the properties have been exempt from ad valorem taxes because of their public purpose under Ark. Const. art. 16, § 5. After the bonds were paid the Pulaski County Assessor notified the City that the county intended to place the properties on the tax rolls for ad valorem taxation.

The Industries and the City petitioned the Pulaski County Board of Equalization for relief from the assessor's decision. The board refused to address the matter on the ground that it had no jurisdiction over tax exemptions. The Industries and the City then petitioned the Pulaski County Court to allow the exemptions, naming Pulaski County as the Respondent. After a hearing the county court held the properties were exempt.

The county appealed to the circuit court and the City and Industries moved to dismiss, contending that the county had no authority to appeal contrary to the decision of the county court. Briefs were submitted and the circuit court entered an order of dismissal reading in part:

The Court has found no authority whereby it is able to conclude that a county may appeal a decision made by its County Judge when sitting as the county Court. . . .this Court gave Appellant until April 30, 1993, to amend its pleadings to name B.A. McIntosh, Pulaski County Assessor, or some other alleged aggrieved party, as the Appellant. However, such amendment was not filed.

Appellees' Motion to Dismiss the appeal of the County Judge's order should be and is hereby granted.

Pulaski County has appealed from the order and we reverse. The City and Industries defend the order of the circuit court on the dicta of two early cases: *Chicot County* v. *Tilghman*, 26 Ark. 461 (1871) and *Ouachita County* v. *Rolland* 60 Ark. 516, 31 S.W. 144 (1895). In *Tilghman*, the county attorney sought to appeal "on behalf of himself and other citizens" from an allowance by the Chicot County Court of a claim against the county. Relying on an existing statute, this court held an appeal will lie from judgments of the county court in settling claims against the county but only by such persons as may be aggrieved by the allowance or rejection of the claim. We wrote: "[I]t [the statute] has no reference to citizens of a county who are not interested in the allowance of the claim. The idea of a county appealing from the allowance of a claim by its county court, is simply ridiculous. The county court represents the county." The gist of the holding, in other words, is that one who is not aggrieved by the judgment of the county court, had no right of appeal under the statute. The county points out that in contrast to the appellants in *Tilghman*, it is the party aggrieved by the ruling of the county judge.

In the other case, Blanche Rolland's application to the county court for a license to sell malt liquors was refused. She appealed to the circuit court, which reversed and the county judge appealed to this court. We questioned, *sua sponte*, whether the county judge could appeal, citing § 1270 of Sand & H. Dig ["when appeals are prosecuted in the Circuit or Supreme Court, the judge of the county court shall defend the same"] as the only authority for such appeal. Citing a lack of clarity in the words, "shall defend the same," the court stated:

As a general rule, all parties aggrieved are allowed to

take appeals from all judgments of the circuit and inferior courts. There can be no good reason why counties should be denied the same right, except as to judgments of the county courts. As to these judgments, it would serve no useful purpose to give the county judge the right to appeal, as it is presumed that, having rendered the judgments, he would never see the occasion for exercising it. But it is different as to judgments of the circuit courts which affect the interest of a county. The statute recognizes this difference when it says: "When appeals are prosecuted in the circuit or supreme court, the judge of the county court shall defend the same." But how is he to "defend the same"? Necessarily by taking such action as will secure or protect the interest of his county as he shall see it. By imposing this duty upon him the statute incidentally and necessarily invested him with the right to use those remedies provided for that purpose. Among these one of the most valuable is the right to appeal to the highest court.

We note at the outset that *Rolland* and *Tilghman* are not tax cases. Those cases were decided over a century ago when the structure, operation and financing of county and municipal governments were vastly different than they are today. The rationale of those cases was rooted in the supposition that the county judge and the county were synonymous, a concept eroded by time and changing law. We need look no further than the "County Government Code," Act 1977, No. 742 (§§ 14-14-101 et seq), enacted after the passage in 1977 of Amendment 55 to the Arkansas Constitution. As the emergency clause to the act notes, Amendment 55 "caused major changes in the structure of county government and because of said changes a need exists to modernize laws affecting county government." Among those changes is a clear division and separation of powers among the branches of county government. *See* Ark. Code Ann. § 14-14-502(a) and (b) (1987) making it apparent that the government is no longer controlled and operated by only a single entity.

As to suits between a government and its divisions, there can be little doubt of their propriety. *See United States* v. *ICC,* 337 U.S. 426 (1949); *United States* v. *Nixon,* 418 U.S. 683 (1974); *United States* v. *Shell,* 605 F. Supp. 1064 (D. Colo. 1985); *Civil Service Commission* v. *Pekrul,* 41 Conn. Supp. 302, 571

A.2d 715 (1989). Under the County Code the county court and the county assessor represent distinct and separate instrumentalities of the county government and while admittedly it seems incongruous for a county to be appealing from its own decision, we regard it as merely ostensible.

The county relies on art. 7, § 33 of our Constitution.

> Appeals from *all judgments of county courts* . . . may be taken to the circuit court under such restrictions and regulations as may be prescribed by law. [Our emphasis.]

Furthermore, there is statutory support for the county's right of appeal:

> Appeals shall be granted as a matter of right to the circuit court from *all . . . final orders and judgments* of the county court . . . .

Ark. Code Ann. § 16-67-201 (1987).

> (a)(1) The assessor or any property owner who may feel aggrieved at the action of the county equalization board may appeal from the action of the board to the county court. . .

> (g) It shall be the duty of the prosecuting attorney or his deputy, when called upon by the county assessor, a member of the board, or the county court, to *represent the county* and state *in the prosecution of all appeals before the county and circuit courts.* [Our emphasis.]

Ark. Code Ann. § 26-27-318 (Repl. 1992).

Nor can we find any prohibition against an appeal to circuit court by a county from an adverse ruling of the county court in a tax assessment case. Moreover, the only avenue of appeal to the supreme court from the county court is by way of the circuit court. *Scott County* v. *Frost*, 305 Ark. 358, 807 S.W.2d 469 (1991); *Ex Parte Dame*, 162 Ark. 382, 259 S.W.2d 754 (1923).

The obvious implication of the trial court's order is that this appeal would be permissible if brought by the division or agency involved in the dispute, i.e., the assessor's office. Having held that the county may appeal a decision of its county court, the ques-

tion now raised is who are the proper parties to bring this suit.

 The county itself is a proper party to this suit. See generally, 17 Elkins, *O'Gradney & Perkowitz-Solwitz, McQuillan Mun. Corp.* § 49.16; 7 Wright Miller & Kane, *Federal Practice and Procedure: Civil*, § 1617 (1986). However, the assessor should be joined as a necessary party, as it is that office which is charged with the authority to decide questions of exemptions on real property, Ark. Code Ann. § 26-26-1001 (1987), and it is that office which is authorized to appeal from the decisions of the county equalization board. Ark. Code Ann. § 26-27-318(a)(1) (1987). Officials who are charged with enforcing a statute, or rule or order that is being challenged, or if their presence is needed to afford complete relief to the parties, are necessary parties. *See* 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil*, § 1617 (1986); 26 Fed. Proc., L.Ed., § § 59:116, 117. See our recent decision in *IBM Credit Corp.* v. *Pulaski County*, 316 Ark. 580, 873 S.W.2d 161 (1994).

██ One question remains that was not directly addressed below. The appellees argue the appeal to circuit court had not been authorized by either the quorum court or the county judge. But § 26-26-318(a) (1987), quoted earlier, specifically provides for appeals on tax questions by either the property owner or the assessor. No further authorization for appeal is needed, for under Ark. Code Ann. § 16-67-201 (1987), all appeals from county court judgments are granted as a matter of right.

Reversed and remanded for further proceedings consistent with this opinion.

NEWBERN, J., did not participate in the final vote.