PULASKI COUNTY *v.* FIRST BAPTIST CHURCH.

Opinion delivered May 11, 1908.

TAXATION—CHURCH PROPERTY—EXEMPTION.—Under Const. 1874, art. 16, § 5, exempting "churches used as such," a lot adjoining the two lots on which a church is built, which belongs to the church but is unoccupied, and not used by the church, save that there is a well of water which is used for drinking purposes and some outhouses used as water closets, is not necessary for the use of the church, and is liable to taxation.

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; reversed.

*George W. Williams* and *J. C. Marshall,* for appellant.

1. It is only by implication that the words "churches used as such" can include any land at all. Similar words have been held to include a reasonably sufficient territory around the church "for convenient ingress and egress, light, air, or proper and decent ornament." 147 Mass. 396. Yet it is also true that to be exempt the property must be actually, exclusively and directly used for religious purposes. 25 Am. & Eng. Enc. of Law, 163, 164. After taxing lot 3, there is still left a vacant space on the south side of the church sufficient for light, air, ingress, egress, etc., which is exempt. There is no proof that lot 3 is necessary for these purposes, and having been put to secular uses it can not at the same time be said to be used for church purposes or church grounds. 78 Ga. 541; 38 Ind. 3; 10 Kan. 214; 12 Minn. 280; 11 L. R. A. (Minn.), 175; 41 N. J. L. 117; 25 Ohio St. 229; 52 L. R. A. (Mass.), 778.

2. Taxation is the rule, exemption the exception. The burden is on the party claiming exemption to bring himself within the exception. 57 Ark. 445; 62 Ark. 481; 25 Am. & Eng. Enc. of Law, 157-159.

*N. H. Nichols,* for appellee.

Appellee claims exemption under the provisions of art. 16, § 5, Const., and Kirby's Digest, § 6887. The proof shows that lot 3 is used only for church purposes, without a view to profit, and, in view of the uses to which it is put, the very large membership of this church and the congregations assembling there, it is necessary to afford a "reasonably sufficient territory around the church for convenient ingress, egress," etc. 147 Mass. 396. What is a sufficient territory surrounding the church to be classed as exempt from taxation, since there is no statutory limitation, is largely a matter of discretion for the court's decision under the proof in the case. 101 S. W. 338; 76 S. W. 412; 17 Atl. 476.

HART, J. Appellee filed its petition in the Pulaski County Court setting up that it is the owner of lots 1, 2 and 3 in block 129, in the city of Little Rock, Arkansas, and asked that the same be exempted from taxation as being used exclusively for church purposes.

The county court exempted lots 1 and 2, and held lot 3 taxable. The circuit court on appeal held all three lots exempt, and an appeal was taken to this court.

The facts are as follows: The church is situated on the corner of Seventh and Gaines streets in the city of Little Rock, Arkansas. It is situated on the front portion of lots 1 and 2, and faces west. All the lots run east and west. Lot 3, the most southerly one, has a well of water in the middle which is used for drinking purposes, and some outhouses on the east end, which are used as water closets. They are used by the members of the church. There is a hydrant on the north side. The church membership consists of 1,500 persons.

Art. 16, section 5, of the Constitution of 1874 exempts the following property only from taxation: "Public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity."

In thickly populated communities, such as exist in cities, it is well known that typhoid and other germs are more prevalent in well water than in water taken from the city mains. The water closets should have sewer connections, and, therefore, it is not necessary that they should be situated at a distance from the church building. The comfort and health of so large a congregation would be best promoted by the use of water from the city mains and by closets with sewer connections. There is ample room for that purpose on lots 1 and 2 on which the church building is situated. The church has a street in front of it and one on the side and an alley in the rear.

For these reasons, we do not think that lot 3 is necessary for the use of the church, and it is therefore liable to taxation.

Reversed and remanded with directions to enter judgment accordingly.

HILL, C. J., (dissenting). Section 5, art. 16, of the Constitution exempts the following property from taxation: "Public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school

purposes, and buildings and grounds and materials used exclusively for public charity."

The General Assembly of 1883, declared as exempt from taxation the following property: "First. All public school houses and houses used exclusively for public worship, and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and not leased or otherwise used with a view to profit." Section 6887, Kirby's Digest.

If the Constitution be taken literally, only the church house would be exempt; but it has not been construed with that literalness, and it should not be. It was not the mere walls and roof, but the place of religious meeting that was exempted. The Legislature, meeting within less than ten years after the Constitution was framed, placed that construction upon it by the enactment of the above section. If the Constitution be taken literally, this act would be unconstitutional, for it exempts the grounds attached to the building necessary for the proper use and enjoyment of the same, which are not leased or otherwise used with a view to profit, while the Constitution only exempts *eo nomine* the church. This was giving a reasonable interpretation to the constitutional exemption. If this construction be placed upon the constitutional provision, in my opinion the property here fell within the statutory description of "the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and not leased or otherwise used with a view to profit."

Therefore, I can not concur in the judgment.