LEAVY *v.* WORD.

4-7515                                   185 S. W. 2d 708

Opinion delivered February 26, 1945.

*K. T. Sutton,* for appellant.

*Rowell, Rowell & Dickey,* for appellee.

HOLT, J. This is an action by appellees, Directors of School District No. 12 of Jefferson county, to quiet and confirm title to lots 12, 13 and 14 in block 8, in the town of Wabbaseka, Arkansas. They alleged that the district

purchased the property on February 15, 1898, "exclusively for school purposes," and since its acquisition, it has been used by the district solely for school purposes. It is further alleged that these lots were erroneously assessed and sold for the 1907 taxes, that the State issued deed to this property to Samuel Lewis on February 4, 1943, and that Lewis, on February 19, 1943, conveyed the lots to appellant, Mattie Leavy; that the lots were exempt from taxation, were erroneously assessed, the State acquired no title and its tax deed to Lewis was void; that Lewis acquired no interest in the property and could convey none to appellant.

Appellant filed answer and cross complaint, alleging that the district had abandoned the lots for school purposes and the lots were therefore subject to taxation. She further alleged that the State acquired title and that its deed to Lewis, and Lewis' deed to appellant were valid and binding. The prayer of her cross complaint was that in the event the school district should prevail she recover from Samuel Lewis $150, which she had paid to him for the property.

The trial court found the issues in favor of the school district (appellees). On appellant's cross complaint by which Samuel Lewis was made a party defendant, the court entered a decree in favor of appellant against Lewis in the amount of $150. Mattie Leavy alone has appealed.

We think the decree of the trial court was in all things correct.

The school district purchased these three lots for school purposes in 1898. Overall, the lots measured 140'x140'. Some time in 1905, the district erected a school building 40'x60' on these lots and used it as a Negro school until some time in 1927, when it tore down the building. The lots have been held since for school purposes and have been put to no other use.

Our Constitution, Art. XVL, § 5, provides: "The following property shall be exempt from taxation: Public property used exclusively for public purposes;

churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes," and § 13603 of Pope's Digest provides: "All property described in this section, to the extent herein limited, shall be exempt from taxation: First. All public schoolhouses and houses used exclusively for public worship, and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and not leased or otherwise used with a view to profit."

The undisputed facts show that at the time these lots were assessed and sold for nonpayment of the 1907 taxes, the property was being used exclusively for school purposes, and a school was conducted thereon until the building was removed in 1927. Under the plain provisions of the Constitution and legislative enactment, *supra,* this property was exempt from taxation. The assessment and sale of the property for the 1907 taxes were null and void. The State lacked the power to sell, and appellant acquired no rights thereunder.

In *Winn* v. *Little Rock,* 165 Ark. 11, 262 S. W. 988, this court in construing the above constitutional provision, as it related to cemeteries, said: "Under article 16, § 5, of our Constitution, cemeteries used exclusively as such are exempt from taxation. If the land in controversy was assessed and sold for taxes, as appellant claims, then such proceeding was null and void, and the appellant acquired no right thereunder."

We think the principle of law announced in *Hudgins* v. *Hot Springs,* 168 Ark. 467, 270 S. W. 594, in which *Winn* v. *Little Rock, supra,* is cited with approval, also applies here. There Mr. Justice HART, speaking for the court, said: "Here the property was used for a public purpose, and there had been no change in the use of it. The city had simply quit using it for a time as its dumping ground because of the condition of the roads. It had not been used for any private purpose, and it could not even be said that, at the time the property was sold for taxes, the city had abandoned its use as a dumping ground. It was not bought for future use, but was actu-

ally used as a dumping ground for several months after its purchase. . . . Having held that the property belonged to the city and was used by it for a public purpose, Hudgins acquired no title at the tax sale, and the city was entitled to maintain this action."

Appellant relies strongly upon *School District of Fort Smith* v. *Howe,* 62 Ark. 481, 37 S. W. 717, and *Pulaski County* v. *First Baptist Church,* 86 Ark. 205, 110 S. W. 1034. We think that neither of these cases controls here. In the Fort Smith case, there was involved property which the school had purchased as an investment and for profit. It was not being used for school purposes. In *Pulaski County* v. *First Baptist Church,* the property was held to be taxable because it was not being used for church purposes. As has been indicated, the lots here were being used solely for school purposes at the time of the alleged tax forfeiture and sale, and in fact for many years thereafter, and therefore exempt from taxation.

Finding no error, the decree is affirmed.