The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, AR 75501
Dear Senator Dowd:
This is response to your request for an option declaring whether or not a particular piece of property owned and used by the Salvation Army in operating its charitable programs is exempt from taxation. You note that the property was conveyed as a charitable contribution to the Salvation Army in November of 1988, and that it will be used by the organization in the operation of its charitable programs and will not be leased or otherwise used with a view to profit. The Tax Assessor has, according to your correspondence, advised that it will be necessary for this office to approve the exemption of the property from taxation.
It must be initially noted that the authority to approve or disapprove a particular tax exemption has not been vested in this office. Rather, information sufficient for a factual determination should be forwarded to the local tax assessor. It is the duty of the tax assessor to decide on a case by case basis whether the "buildings and grounds and materials [are] used exclusively for public charity" Ark. Const. art. 16, 5; SEE ALSO A.C.A. 26-26-1001. This type of factual determination is ordinarily not within the proper scope of an Attorney General opinion.
If the facts indicate that the property in question is ". . . ACTUALLY AND DIRECTLY used for charitable purposes" (BRODIE v. FITZGERALD, 57 Ark. 445, 448, 22 S.W. 29 (1983) (emphasis added)), then it may be concluded that the exemption provided for under Article 16, 5 of the Arkansas Constitution will apply.[1] SEE ALSO HILGER v. HARDING COLLEGE, INC., 231 Ark. 686, 695, 331 S.W.2d 851
(1960). It is important to note that whether property is used exclusively for charitable purposes, within the meaning of Article 16, 5, depends not upon the character of the corporation or association owning the property or the use of the property's revenues, but depends instead upon the exclusive use of the property for a tax exempt purpose. SEE, e.g., BURGESS v. FOUR STATES MEMORIAL HOSPITAL, 250 Ark. 485, 465 S.W.2d 793 (1971); CITY OF SPRINGDALE v. DUNCAN, 240 Ark. 716, 401 S.W.2d 474 (1966). The Arkansas Supreme Court has consistently held that the tax exemption cannot be extended to leased or rented property from which revenue is derived, though the revenue is applied solely to support the charity. BRODIE, SUPRA. The Court has also stated that contemplated future use is not sufficient. CITY OF SPRINGDALE, SUPRA. In CITY OF SPRINGDALE, the city had acquired property "for use at some time in the indefinite future as a buffer zone for oxidation ponds or an irrigation spray area."240 Ark. at 716. But, the Court noted, "no such use has ever been made of the lands." ID. Instead, the city leased the lands, with an option to the lessee to renew. The Court summarized the facts as follows:
 Thus, we have a case wherein the City owns title to land which it has leased to another, and which lands have never been actually used for City purposes, but which the City is holding as a protection measure if the property should ever be needed in the future.
240 Ark. at 718.
The Court concluded the following, after citing to several of its previous rulings involving Article 16, 5 and 6:
 From these cases it is clear that before the City can successfully claim exemption from taxation, the property must have been used for a public purpose: contemplated future use is not sufficient. Here, the Benton tract has never been used for a public purpose and may never be so used. We therefore conclude that the Chancery Court was correct in refusing to allow exemption status to the Benton property.
240 Ark. at 718-719.
One other case should be noted with respect to the exclusive use requirement. In PULASKI COUNTY v. FIRST BAPTIST CHURCH, 86 Ark. 204,110 S.W. 1034 (1908), the Arkansas Supreme Court construed the amount of property which may be exempted for church use as being only that "necessary for the use of the Church."86 Ark. at 207; SEE ALSO A.C.A. 26-3-301(1) (Supp. 1987). The Court held in this case that two lots in Little Rock on which the First Baptist Church was situated were tax exempt. A third lot was adjacent to the other two, and was vacant except for the well in the middle used for drinking water, and some out houses on the east end of the property. The Court noted that the comfort and health of the church and the community would be best served by connection to city water and sewer systems, and that there was ample room on the first two lots to do that. Thus, the third lot was not "necessary for the use of the church," and was subject to taxation.86 Ark. at 207.
[1] Article 16, 5(b) states: The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity. The foregoing offers some guidance in addressing the exemption issue. One may conclude from this that as a general matter, vacant land being held for future use may not be presently "used exclusively for public charity," and thus may be taxable. The particular facts in each instance must, however, be considered. The General Assembly has also offered guidance in the enactment of A.C.A. 26-3-301 (Supp. 1987) wherein it states as follows under subsection (7): All property described in this section, to the extent limited, shall be exempt from taxation. (7) All building belonging to institutions of purely public charity, together with the land actually occupied by these institutions, not leased or otherwise used with a view to profit, and all moneys and credits appropriated solely to sustaining, and belonging exclusively to, these institutions. All of the facts in each particular case must be considered in making the final determination concerning the exempt status of certain property. This is, moreover, a question which only the assessor can decide in the first instance. The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.