The Honorable David P. Saxon Prosecuting Attorney Twelfth Judicial Circuit Sebastian County Courthouse Fort Smith, AR 72901
Dear Mr. Saxon:
This is in response to your request for an opinion concerning the tax exempt status of some church property in Fort Smith. Also implicated in your request is whether A.C.A. 26-3-301(11), which exempts certain church property from taxation, is constitutional.
Specifically, you have enclosed a copy of a letter which describes a particular piece of property which is a parsonage for a church in Fort Smith. The letter states that in 1985 a portion of the house was rented out for the entire year, although a part of the house was used to store church property during that year. During the years 1986, 1987, and 1989, the letter states, the parsonage was rented out for part of each year, but for the entire year a part of it was used to store church property.
The relevant provisions of law are Arkansas Constitution, Art. 16, sections 5 and 6, which provide in pertinent part as follows:
 (b) The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity. [Emphasis added.]
All laws exempting property from taxation other than as provided in this Constitution shall be void.
The statute to which you refer, A.C.A. 26-3-301 (Supp. 1989), provides in pertinent part that:
 11(A) Under the provisions of this section, all dedicated church property, including the church building used as a place of worship, buildings used for administrative or missional purposes, the land upon which the church buildings are located, all church parsonages, any church educational building operated in connection with the church including a family life or activity center, a recreation center, a youth center, a church association building, a day-care center, a kindergarten, or private church school shall be exempt.
 (B) However, in the event any property is used partially for church purposes and partially for investments or other commercial or business purposes, the property shall be exempt from the ad valorem tax. [Emphasis added.]
The sections above were added by Act 1040 of 1987. That act provided for the listing for assessment of any church property used for commercial, business, rental, or investment purposes, or for purposes other than church purposes. It excepted from assessment, however, the types of church property listed above. Prior to the adoption of Act 1040 of 1987, the relevant section was A.C.A. 26-3-301(1) which still appears in that statute and provides that:
 All property described in this section, to the extent limited, shall be exempt from taxation:
 (1) All public schoolhouses and houses used exclusively for public worship and the grounds attached to these buildings necessary for the proper occupancy, use, and enjoyment of the buildings, not leased or otherwise used with a view to profit. [Emphasis added.]
With the relevant law thus set out, we are prepared to answer your specific question which concerns the tax exempt status of a particular parsonage in Fort Smith. We should note at this point that ordinarily the question to be answered in the first instance by the assessor, and pursued thereafter through the judicial process provided. This office is not in a position to make factual determinations, nor is it empowered to do so. Because your question involves the constitutionality of a state statute, however, we will address your question based upon the facts as they have been presented to us. It should be noted as an additional matter that the exemptions set out in Art. 16, 5 are acts of grace, and must be strictly construed; and every reasonable intendment must be made that it was not the design to surrender the power of taxation, or to exempt any property from its due proportion of the burden of taxation. See Sebastian County v. Educare Centers of Arkansas, Inc., 296 Ark. 538,758 S.W.2d 413 (1988), and Opinion No. 87-446, a copy of which is enclosed.
The relevant provision, 26-3-301(11), exempts "all church parsonages", and additionally states that if property is used partially for church purposes and partially for commercial purposes it is to be tax exempt. You have noted that it is the opinion of your office that this language expands the exemptions set forth by the provisions of Article 16, Section 5 of the Arkansas Constitution, and is therefore unconstitutional. The language of the Constitution exempts only "churches used as such" would be void under Art. 17, 6.
Reference to interpretive case law on point may be of some help in addressing the issue. In Pulaski County v. First Baptist Church,86 Ark. 205 (1908), the Arkansas Supreme Court held that where a church sat on two lots, and the adjoining lot, (which was also owned by the church), was vacant except for a well and some outhouses used by the church members, the vacant lot was not tax exempt. The court held that the third lot was "not necessary for the use of the church, and. . . [was] therefore liable to taxation."86 Ark. at 207. There was a strong dissent wherein the following was stated:
 If the Constitution be taken literally, only the church house would be exempt; but it has not been construed with that literalness, and it should not be. It was not the mere walls and roof, but the place of religious meeting that was exempted.
86 Ark. at 208, (Hill, C.J. dissenting.)
The majority of the court disagreed and held that according to what is now A.C.A. 26-3-301(1) (which exempts "all houses of worship and the grounds attached . . . necessary for the proper occupancy, use and enjoyment of the buildings) the vacant lot was "not necessary" for the use of the church and was therefore taxable. Other courts, however, in referring to the Pulaski County decision, have categorized the holding as being that the third lot was not "used for church purposes" rather than that it was "not necessary" for church purposes. See Hudgins v. Hot Springs, 168 Ark. 467 1925); Leavy v. Word, 208 Ark. 235,185 S.W.2d 708 (1945).
Another relevant case, Burbridge v. Smyrna Baptist Church,212 Ark. 924 (1948), involved a twenty-acre tract of land upon which at one time a church was located. The church burned to the ground about 1900, and the membership of the church disintegrated and ceased to exist. Two acres of the land was a cemetery. The court noted that "even had the church continued to exist, it would not have been entitled to have exempt the whole 20 acres from taxes, but only such part of it as was used exclusively for church purposes, including the cemetery". 212 Ark. at 927. We thus in Burbridge are introduced to the language "exclusively for church purposes", although it is acknowledged that the language may be dicta. This language does not appear in the Constitution, but apparently the court interpreted Art. 16, 5 as exempting property used exclusively for church purposes.
Perhaps this interpretation is borne out by the following language used in Hilger v. Harding College,231 Ark. 686, 331 S.W.2d 851 (1960):
 Because of the similarity of the language used in Article 16, Section 5, of the Constitution exempting from taxation property used for school purposes, for public purposes, and for charity, the principles and rules applying to one category will apply with force to the other categories.
231 Ark. at 694. This language also appears in Educare Centers of Arkansas Inc., supra.
Although the passage above does not mention church property, the court in Burbridge appeared to adopt a test similar to the one used for other categories of property, notwithstanding the fact that the language of Art. 16, 5 regarding churches is not the same as that used for other categories.
After reviewing the relevant case law, it can be seen that the court in Burbridge at least hinted that church property used exclusively for church purposes would be exempt from taxation. One might argue, however, that the language of the Constitution exempts only "churches", and not all property used exclusively for church purposes. If such an argument were accepted, "parsonages" which were not also "churches" would never be exempt from taxation, regardless of their use. Nor would other church property which could not be classified as a "church".
While this issue may ultimately have to be decided by the courts, its resolution is not necessary in this instance because, under the facts you have presented, the parsonage was not even used exclusively for church purposes. A portion of the house was rented out for the entire year of 1985, and part of the years 1986, 1987, and 1989. The leasing of a part of a house used as a parsonage, in my opinion, constitutes a use which is not exclusively for church purposes. It is thus my opinion that the particular parsonage about which you inquire is not tax exempt under even the arguably lenient standard set out in Burbridge. Although we do not have the benefit of case law interpreting the new statutory amendments added by Act 1040 of 1987, it is my opinion that to the extent they are more expansive than the test set out in Burbridge, they are constitutionally suspect. Specifically, the provision you have noted, A.C.A.26-3-301(11)(B), which exempts property used "partially for church purposes and partially for investments or other commercial or business purposes", is in my opinion contrary to Art. 16, 5 as it has been interpreted.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] It may be contended that 26-3-301(1) has been impliedly repealed by Act 1040's more expansive provisions. It appears that Act 1040's exemption of property used partially for investment purposes conflicts with 26-3-301(1)'s exemption of property "not leased or otherwise used with a view to profit."
[2] You have noted in your request that it was your conclusion that A.C.A. 26-3-301(B) appeared to be contrary to the Hilger decision. Except for the passage noted above, we find that case inapposite to the facts at hand. Hilger involved the tax exempt status of private college operations, and not churches.