Sue PHILLIPS, Washington County Assessor *v.* MISSION
FELLOWSHIP BIBLE CHURCH

CA 97–425                                   955 S.W.2d 917

Court of Appeals of Arkansas
Division III
Opinion delivered December 10, 1997

*George E. Butler, Jr.*, and *Longino & Seymour, PLC*, by: *James H. Longino* and *Gary L. Seymour*, for appellant.

*Donald C. Donner*, for appellee.

ANDREE LAYTON ROAF, Judge. Washington County Assessor Sue Phillips (assessor) appeals a circuit court finding upholding a tax exemption for the appellee Mission Fellowship Bible Church (church) for a building and the 1.05-acre tract of land that it sits on. On appeal, the assessor argues that the circuit court erred in finding that the property was not the property of the church's pastor, Rev. Jay D. Cole, and his wife, Thelma G. Cole, or in the alternative, that the church was not entitled to a tax exemption for the entire 1.05 acres. We affirm.

The church has existed as a domestic nonprofit corporation since 1991. Under I.R.S. guidelines, it qualifies as a church for federal tax-exempt status. The church is governed by a three-member board, elected by the congregation upon the recommendation of Rev. Cole. At the time this matter was litigated, Rev. Cole was a board member. Rev. Cole is an ordained Baptist minister, and the church's congregation has some seventy "attendees."

Sunday worship service attendance varies between twenty-five and thirty-eight. All services are advertised and open to the public.

The property in question is a 1.05-acre tract upon which is situated the church building, a 6,800 square-foot structure that contains a sanctuary, chapel, Sunday School classrooms, a religious lending library, fellowship areas, administrative offices, and guest quarters for visiting pastors and missionaries. The balance of the property consists of landscaped grounds, approach roads, and a parking area. The 1.05-acre tract was part of a fifty-five-acre tract that was subject to a number of transactions between 1975 and 1992 involving the Coles as individual owners and Rev. Cole as an officer of a succession of nonprofit corporations engaged in religious activities.

Originally, the fifty-five-acre tract was acquired by Rev. and Mrs. Cole in November 1975, but was conveyed a month later by correction deed to United Missionary Aviation, Inc. The property was deeded back to the Coles in 1977 and was again deeded to United Missionary Aviation, Inc., in 1988. Since 1991, the fifty-five-acre tract has been owned by the church and is presently encumbered by a $750,000 mortgage to the Coles. The debt secured by the mortgage is the result of Rev. Cole's advancing to the church more than $100,000 per year to support its television ministry. The church has never made payments on this debt.

On October 11, 1994, at the suggestion of the Washington County Board of Equalization, which had apparently rejected the church's application for a tax exemption for the entire fifty-five-acre tract, a quitclaim deed signed by Rev. Cole on behalf of the church conveyed 1.05 acres including the church building to Rev. and Mrs. Cole. On the same day, the Coles conveyed the 1.05 acres back to the church. The Coles built and occupy a 3,000 square-foot residence on the portion of the fifty-five-acre tract not affected by the quitclaim deed. This residence is not tax-exempt.

The Washington County Board of Equalization approved a tax exemption for the church building and the 1.05-acre tract. The assessor appealed to the Washington County Court, which upheld the tax exemption. The assessor then appealed to the Washington County Circuit Court which, based on the pleadings

and stipulated facts submitted by the parties, also upheld the tax exemption. The assessor appeals from this ruling.

The assessor first argues that the trial court erred in finding that Rev. Cole and his wife were not the "de facto" owners of the church property because of Rev. Cole's "self-dealing" and "constructive fraud," which included the execution of a mortgage that is currently in default and could result in the property reverting back to the Coles at any time. Consequently, the assessor argues, if this court finds that the Coles actually own the property, it would not be "dedicated church property" as contemplated by Ark. Code Ann. § 26-3-301 (Supp. 1995) or a church "used as such" as required in Article 16, § 5, of the Arkansas Constitution.

█ It is well settled that tax exemptions must always be strictly construed against the exemption. *City of Fayetteville v. Phillips*, 320 Ark. 540, 899 S.W.2d 57 (1995). Moreover, the supreme court has said that, on appeal, all tax cases are reviewed *de novo* and the findings of the trial court are set aside only if clearly erroneous. *City of Little Rock v. McIntosh*, 319 Ark. 423, 892 S.W.2d 462 (1995); *Agape Church, Inc. v. Pulaski County*, 307 Ark. 420, 821 S.W.2d 21 (1991).

█ The Arkansas Constitution exempts "churches used as such" from county ad valorem taxes. Ark. Const. art. XVI, § 5(b). Arkansas case law has interpreted this section to require that the property satisfy two requirements: 1) the property must be part of a designated class of property, i.e., a church; *see Agape Church*, *supra* (holding that land where the church constructed a 700-foot broadcast tower to transmit Christian programming was not entitled to a tax exemption because the statute contemplated a building, and a radio tower was not a building); and 2) the property must be used exclusively for the purpose suggested by the classification. *Pulaski County v. First Baptist Church*, 86 Ark. 205, 207, 110 S.W. 1034, 1035 (1908) (denying a tax exemption for a separate church-owned lot where outhouses were located even though they were used exclusively by the congregation).

█ Ownership is not listed as a condition for tax-exempt status in either Article 16, section 5, or in Ark. Code Ann. § 26-3-301, and it has never been found to be dispositive in the case law

interpreting these sections where churches were concerned. Use, however, is determinative of entitlement to a tax exemption. *See, Burbridge v. Smyrna Baptist Church*, 212 Ark. 924, 927-28, 209 S.W.2d 685, 687-88 (1948) (abandoned church property subject to taxation except for a separately fenced cemetery which remained tax-exempt under a different clause in Article 16, section 5.); *see also, City of Fayetteville v. Phillips, supra*, (analogous clause of Ark. Const. art. XVI, § 5(b), regarding exemptions of property held for public purposes did not allow tax-exempt status for the publicly owned Walton Arts Center because it was not used exclusively for public purposes). Accordingly, even if this court were to be persuaded that Rev. and Mrs. Cole were the "de facto" owners of the property, there was no proof that the property was used for anything but church purposes.

▇ Similarly unpersuasive is the balance of the assessor's argument, in which she asserts that the property was not "dedicated church property" as contemplated by Ark. Code Ann. § 26-3-301 (Supp. 1995). The statute provides in pertinent part that:

> All property described in this section, to the extent limited, shall be exempt from taxation:
>
> . . .
>
> (11)(A) Under the provisions of this section, all dedicated church property, including the church building used as a place of worship, buildings used for administrative or missional purpose, the land upon which the church buildings are located, all church parsonages, any church educational building operated in connection with the church, including a family life or activity center, a recreation center, a youth center, a church association building, a day care center, a kindergarten, or a private church school shall be exempt.

The circuit court made a specific finding of fact that the building is dedicated for use exclusively for worship and church-related matters. The assessor offered no proof to the contrary, nor did she even dispute the fact that the building was used exclusively for church purposes. Under the circumstances, we cannot say that the trial court's finding was clearly erroneous.

■ The assessor also argues that if the property is determined to be the property of the church, the trial court erred in finding that the entire 1.05 acres is entitled to exemption from taxes, and asks that this court remand the case to the trial court for a determination of the extent of the exemption to be allowed. She argues that the church building only occupies fifteen percent of the 1.05-acre tract, and the rest should be subject to taxation. She contends that the parking lot, connecting driveways, and landscaped areas are not the land on which the church building is located, as required by Ark. Code Ann. § 26-3-301 (Supp. 1995) or a church "used as such" as required in Article 16, § 5, of the Arkansas Constitution. This argument fails to persuade because the plain language of § 26-3-301 specifically grants an exemption to "all dedicated church property." Nowhere in the record is there proof that the adjacent land in the 1.05-acre plot was used for any other purpose.

On this point, the assessor urges this court to find dispositive *Pulaski County v. First Baptist Church, supra, Agape Church, Inc. v. Pulaski County, supra*, and *Burbridge v. Smyrna Baptist Church, supra*. However, her reliance on these authorities is misplaced, as they are easily distinguished from the instant case. At issue in *Pulaski County v. First Baptist Church, supra*, was not the land that the church was situated on, but a separate lot owned by the church on which a well and some outhouses were located. The instant case involves a single lot. Moreover, the court in *Pulaski County v. First Baptist Church* grounded its ruling in its concern that the use by a 1,500-member congregation of outhouses situated a distance from the church, instead of modern plumbing connected to city water and sewer mains, represented a health hazard.

Similarly, the land in *Agape Church, Inc. v. Pulaski County, supra*, was a separate twenty-six-acre tract located some distance from the church. Unlike the instant case where the church building itself is the only structure on the lot, a 700-foot transmission tower for broadcasting Christian programming was the only structure on the acreage.

As to *Burbridge v. Smyrna Baptist Church, supra*, this case involved the withdrawal of a tax exemption for eighteen of the

twenty acres of a tract where a church had burned down. However, the exemption was maintained, pursuant to a different clause in Article 16, § 5, for two acres used as a cemetery. In the instant case, there is an active church being used as such, and the grounds surrounding the church are but a fraction of the twenty-acre tract that was exempt in *Burbridge* prior to the fire.

We also find unpersuasive the authority from a foreign jurisdiction cited by the assessor to support her contention that the parking area and driveways should not be exempt. In *Second Church of Christ Scientist v. City of Philadelphia*, 157 A.2d 54 (Pa. 1959), the Pennsylvania Supreme Court construed a section of the Pennsylvania state constitution relating to tax exemptions for church property that was considerably more restrictive than Article 16, § 5, of the Arkansas Constitution. The pertinent section of the Pennsylvania Constitution allowed tax exemptions for only the "actual place of religious worship." Art. IX, § 1. The equivalent section of the Arkansas Constitution allows exemptions for "churches used as such."

■ Finally, in oral arguments, the assessor's counsel agreed that, based on the placement of the driveways and parking lot surrounding the church, he could not say that the 1.05-acre parcel could have been reduced in size. In sum, we cannot say that the trial court's finding that the church's property is exempt is clearly erroneous, and the judgment is affirmed.

Affirmed.

ROBBINS, C.J., and MEADS, J., agree.