## HUDGINS v. HOT SPRINGS.

### Opinion delivered April 6, 1925.

TAXATION—PROPERTY OF CITY—DUMPING GROUND.—Land purchased by a city for present use as a dumping ground and used as such for several months, though such use had been discontinued because the road to it had become impassable, is exempt from taxation under Const., art., 16, § 5, and Crawford & Moses' Dig., § 9858.

Appeal from Garland Chancery Court; *J. P. Henderson*, Chancellor; affirmed.

#### STATEMENT OF FACTS.

The land in controversy was purchased by the city of Hot Springs in December, 1912, for the purpose of

depositing the refuse of the city. It was so used for three or four months, and its use was then discontinued, because the road to it became impassable. The road has not been repaired, and, on that account, it has not been used for a dumping ground by the city since, nor has it been used for any other purpose. The land in some way was assessed and sold for taxes, and, after the period for redemption had expired, J. W. Hudgins obtained a tax title to it. This suit was brought by the city against him to cancel his tax title.

From a decree in favor of the city, Hudgins has duly prosecuted an appeal to this court.

*Cobb & Cobb,* for appellant.

*Leo P. McLaughlin* and *George P. Whittington,* for appellee.

HART, J., (after stating the facts). The decision of the chancellor was correct. The city purchased the property for use as a dumping ground for its refuse. This was a public purpose. Section 16, art. 5, of the Constitution exempts from taxation public property used exclusively for public purposes. Section 9858 of Crawford & Moses' Digest exempts from taxation the following:

"All market-houses, public squares, other public grounds, town and city houses or halls, owned and used exclusively for public purposes, and all works, machinery and fixtures belonging to any town and used exclusively for conveying water to said town."

We do not think the case of *Pulaski County* v. *First Baptist Church,* 86 Ark. 205, is applicable. In that case the property was held to be taxable because it was not used for church purposes. Here the property was used for a public purpose, and there had been no change in the use of it. The city had simply quit using it for a time as its dumping ground because of the condition of the roads. It had not been used for any private purpose, and it could not even be said that, at the time the property was sold for taxes, the city had abandoned its use as a dumping ground. It was not bought for future

use, but was actually used as a dumping ground for several months after its purchase.

In *State* v. *Gaffney,* 34 N. J. 131, the court held: "Lands and real estate acquired and held by the corporation of Jersey City, under the act to authorize the construction of works for supplying Jersey City and places adjacent with pure and wholesome water, and its supplements, although not in actual use, are exempt from taxation, if not held for speculation or to meet a remote, contingent expectation of necessary use, or mere incidental convenience, but are held in good faith, and are reasonably necessary to meet the increased and growing demand for water."

We think that principle of law controls here. Having held that the property belonged to the city and was used by it for a public purpose, Hudgins acquired no title at the tax sale; and the city was entitled to maintain this action. *Winn* v. *Little Rock,* 165 Ark. 11.

It follows that the decree will be affirmed.