ROSE *v.* MARSHALL SPECIAL SCHOOL DISTRICT No. 17.

4-7909                                            195 S. W. 2d 49

Opinion delivered June 10, 1946.

*W. F. Reeves,* for appellant.

*N. J. Henley,* for appellee.

GRIFFIN SMITH, Chief Justice. School District No. 17, through the process of annexation, has taken over the area formerly embraced within District No. 79. Legality of the procedure is not questioned. We are only asked to determine whether Chancery Court erred in holding that three-fourths of an acre, with the building formerly used by District No. 79, has been abandoned for school purposes, and whether District No. 17 may continue to use the property as a bus station. Transportation is supplied by District 17. During bad weather children gather in the building and are afforded a certain degree of comfort as compared with what their status would be if the facilities were not available.

In 1909 James Tilley and his wife deeded the land ". . . unto said School District No. 79 as [a] school site for school purposes." A covenant was that the grantors would warrant the title ". . . as long as [the land is] used for school purposes"; otherwise title would revert to James Tilley.

December 18, 1945, Rose, who procured a deed from Tilley, posted a notice on the front door, informing the public he had purchased the property, and warning against the trespass, "or entering the building." The concluding paragraph was: "I am putting locks on the doors and taking possession of the building, which is my property."

District No. 17 procured a temporary injunction. On final hearing January 2, 1946, the order was made permanent. January 2, 1946, an intervention was filed by B. C. Tilley, who asserted that he was the oldest son of James Tilley, and that for himself and other children of James Tilley (some of whom were minors) he had sold the property to Rose. Other interventions were filed, but a discussion of the purpose they were intended to service is not necessary to this opinion.

There was ample testimony to sustain essential facts upon which the Chancellor must have predicated the decree. The building was constructed through community effort—"box suppers," and other local enterprises. Seats were not removed when annexation with District No. 17 occurred. The School Board maintained insurance. Only a short time before trial two new windows and twenty-nine glass panes were installed. A neighbor whose children attended school testified that he frequently went to the building early on cold mornings and built a fire; also that one of his sons carried a key, and that facilities were available to all who desired to use them. The place had been officially designated as a bus station. There is also testimony that the building was used as a community center, but this is not important. The controlling consideration is whether use of the premises as protection for children in the manner testified to was *a use for school purposes.*

Doubtless neither Tilley, nor any of those with whom he dealt in 1909, thought of the particular meaning now sought to be imputed to the language employed. On the other hand it must be borne in mind that the grantor probably entertained at most only a remote thought that the area embracing less than an acre, upon which there was no building, would ever be wholly abandoned for school purposes; but, if it should be, the reversionary clause was for his benefit.

The Chancellor was no doubt influenced by our holding in *McCullough* v. *Swifton Consolidated School District,* 202 Ark. 1074, 155 S. W. 2d 353. There, like the case at bar, districts had been consolidated, and the question was whether land conveyed in a deed should revert to the grantor if District No. 23 of Jackson County should abandon the property—which, according to the conveyance, was to be used "for school purposes only." We held that after consolidation, and while the building was being utilized in a manner similar to that shown by appellee here, it had not been abandoned. *Conner* v. *Heaton,* 205 Ark. 269, 168 S. W. 2d 399; *contra,* (the facts being

different), see *Williams* v. *Kirby School District No. 32,* 207 Ark. 458, 181 S. W. 2d 488.

Since a preponderance of the evidence show there had not been an abandonment for school purposes within the meaning of applicable decisions, it follows that the decree must be affirmed.