FORESEE *v.* BOARD OF DIRECTORS BERGMAN SPECIAL SCHOOL
DISTRICT No. 8.

4-8559                                     211 S. W. 2d 432

Opinion delivered May 31, 1948.

*Woody Murray,* for appellant.

*W. J. Cotton,* for appellee.

ROBINS, J.   Appellant brought suit in the lower court
seeking to quiet his title to lots 1 to 12, inclusive, in block
25, of the town of Bergman.   Appellees were made de-
fendants, since they claimed the lots under a deed exe-
cuted on September 18, 1918, by Helen Elizabeth Nelson
to Special School District No. 35 of Bergman, which was
afterwards consolidated with Bergman Special School
District No. 8, of which appellees are directors.   Appel-
lant based his claim to title on two deeds from the State
to which the lots were forfeited and sold for delinquent
taxes.

The lower court sustained the contention of appellees
that the tax sales were void because the lots, at the time
of assessment and sale, were owned by the school district
and used by it for school purposes.

The sole question below and for determination here
is: Were the lots, when assessed and sold for taxes, being
held and used by the district "exclusively for school pur-
poses" so as to be exempt from taxation under the pro-
visions of Art. XVI, § 5, of the Constitution of Arkansas?

There is little dispute in the testimony. Shortly after School District No. 35 bought the lots in 1918 it erected a school building thereon, which was used by the district up until 1931, when, after the consolidation, the building, except the foundation, was torn down by the district. A new school building was erected for the consolidated district some distance from the lots herein involved.

Since the removal of the old building, the lots, except for the foundation, have been vacant. The officers of the district testified that they had not rented the property, but that they had been planning to make use of the property by erecting on the old foundation a gymnasium for use in connection with the school activities of the district.

In the case of *McCullough* v. *Swifton Consolidated School District,* 202 Ark. 1074, 155 S. W. 2d 353, the question to be determined was whether property conveyed to School District No. 23 "for school purposes" had been abandoned for such purposes so as to bring into operation a reverter clause in the conveyance. The evidence showed that School District No. 23 had been consolidated with appellee district, which began to tear down the school building of the first named district. But the testimony further showed that the appellee district purposed to build on the same site a waiting station for children to use in meeting the school bus. On this testimony we held that the use of the property "for school purposes" continued, and that the land did not revert to the grantor. Other cases of somewhat similar import are *Rose* v. *Marshall Special School District No. 17,* 210 Ark. 211, 195 S. W. 2d 49, and *Conner* v. *Heaton,* 205 Ark. 269, 168 S. W. 2d 399.

In the case of *Hudgins* v. *Hot Springs,* 168 Ark. 467, 270 S. W. 594, it appeared that in December, 1912, the city of Hot Springs purchased certain land for use as a dumping ground for refuse. It was so used for three or four months, when such use was discontinued on account of the impassable condition of the road leading to it. Thereafter it was never used as a dumping ground or for

any other purpose. The land was assessed for taxes in 1914 and in 1915 was sold to Hudgins for nonpayment of taxes. After expiration of period of redemption Hudgins obtained a deed from the clerk. The city brought suit to cancel the tax title. In affirming decree of the lower court in favor of the city this court said: ''Here the property was used for a public purpose, and there had been no change in the use of it. The city had simply quit using it for a time as its dumping ground because of the condition of the roads. It had not been used for any private purpose, and it could not even be said that, at the time the property was sold for taxes, the city had abandoned its use as a dumping ground. It was not bought for future use, but was actually used as a dumping ground for several months after its purchase.''

In the case at bar the testimony on behalf of appellees convinced the lower court that the school district had been keeping the property in dispute with the *bona fide* intention to use it as a location for a gymnasium and that it actually purposed to erect such a building thereon.

We are unable to say that the finding of the lower court is against the preponderance of the evidence. Accordingly, the decree appealed from must be affirmed.