5-3872                                    401 S. W. 2d 747

Opinion delivered April 25, 1966

*Crouch, Blair & Cypert,* for appellant.

*Charles L. Gocio* and *Carl Bonner,* for appellee.

ED. F. McFADDIN, Justice. The question here is whether certain lands owned by the City of Springdale, Arkansas, are exempt from taxation. The City of Springdale (hereinafter called "City") filed this suit against the County Officials of Benton County to enjoin them from collecting taxes on the lands owned by the City. The Chancery Court denied the exemption claim of the City, and this appeal resulted.

The City has had a number of problems in the matter of sewage disposal; and in February 1963 the City purchased 37 2/3 acres from Jack Benton, which land was acquired for use at some time in the indefinite future as a buffer zone for oxidation ponds or an irrigation spray area; but no such use has ever been made of the lands. Instead, the City leased the lands to Jack Benton for a 5-year term, with the option to Benton to renew the lease for another 5-year period. The Mayor of the City admitted that he knew of no specific plan for the use of this Benton property except "some day we may need this: 10 years or 100 years from now."

We quote questions propounded by the Court and candidly answered by Mayor Davis:

"Q. Now in connection with your negotiated purchase of the Benton property, when you say it was necessary to agree to some lease back arrangement with Benton, did those negotiations result in the City's purchase and lease back to Benton, did those negotiations embrace any consideration and accounting for the possible need of the City for this land for oxidation and spray purposes so that if the need arose the lease back to Benton would not be an impediment for its use for spray and oxidation purposes?

"A. Your Honor, there was a consideration that we, during the leased period, would not use it in such a manner as to interfere with his lease. Now, I don't recall the exact terms of the lease.

"Q. You may not have the information, Mr. Davis. What I'm trying to establish is this: if I've followed your testimony thus far, the City bought that property and then almost simultaneously leased it back to him for five years with an option to renew for an additional five years. Now the question I need to have answered is this: suppose the City needs this land, all of it or any part of it, to put oxidation ponds and set up spray treatment, how are you going to do that with that lease to Benton? Do you follow my question?

"A. Yes, sir.

"Q. All right. Can you answer it? Suppose Benton says: 'Hold on, I've got this leased for five years.' And says, 'I know I'm going to renew it for another five years. . . '

"A. It leaves the City in the same position as when we had to condemn it originally."

Thus, we have a case wherein the City owns title to land which it has leased to another, and which lands have never been actually used for City purposes, but which the City is holding as a protection measure if the property should ever be needed in the future. The question is whether such property is exempt from taxation.

Art. 16, § 5 of our Constitution says:

". . . Provided, further, that the following property shall be exempt from taxation: Public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.'"[1]

Art. 16, § 6 of our Constitution says: "All laws exempting property from taxation other than as provided in this Constitution shall be void."

Some of our cases arising under the above constitutional provisions are: *Brodie* v. *Fitgzerald,* 57 Ark. 445, 22 S. W. 29; *School Dist.* of *Ft. Smith* v. *Howe,* 62 Ark. 481, 37 S. W. 717; *Pulaski County* v. *First Baptist Church,* 86 Ark. 205, 110 S. W. 1034; *Robinson* v. *Indiana etc. Mfg. Co.,* 128 Ark. 550, 194 S. W. 870; *Hope* v. *Dodson,* 166 Ark. 236, 266 S. W. 68; *Hudgins* v. *Hot Springs,* 168 Ark. 467, 270 S. W. 594; *Hogue* v. *Housing Authority,* 201 Ark. 362, 144 S. W. 2d 49; *Yoes* v. *Ft. Smith,* 207 Ark. 694, 182 S. W. 2d 683; *Hilger* v. *Harding College,* 231 Ark. 686, 331 S. W. 2d 851; and *Wayland* v. *Snapp,* 232 Ark. 57, 334 S. W. 2d 633.

From these cases it is clear that before the City

---

[1] Ark. Stat. Ann. § 84-206 (Repl. 1960) is supposed to be in definition of the property exempted by this constitutional provision.

can successfully claim exemption from taxation, the property must have been used for a public purpose: contemplated future use is not sufficient. Here, the Benton tract has never been used for a public purpose and may never be so used. We therefore conclude that the Chancery Court was correct in refusing to allow exemption status to the Benton property.

