The Honorable Paul R. Bosson Prosecuting Attorney Eighteenth Judicial District 501 Ouachita Avenue Hot Springs, Arkansas 71901
Dear Mr. Bosson:
This is in response to your request for an opinion on six questions concerning the various exemptions from ad valorem property taxes found at A.C.A. § 26-3-301 et seq.
Specifically, you have asked if each statute in this subchapter is void in light of Arkansas Constitution art. 16, §§ 5 and 6. You note that several of the exemptions, including the exemptions for 4-H houses, FFA houses, church parsonages, textile mills, and disabled veterans, do not appear to be included in Section 5 of Article 16 of the Constitution, and that you do not find these exemptions authorized by the constitution. Your questions will be restated and answered in the order posed.
Article 16, § 5 of the Arkansas Constitution, at subsection (b), provides as follows:
 (b) The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.
Section 6 of the same article provides that "[a]ll laws exempting property from taxation other than as provided in this Constitution shall be void."
Your first question in light of these provisions is as follows:
 1. Is A.C.A. § 26-3-301 void as being a violation of Article 16, Sections 5 and 6 of the Constitution of Arkansas?
This statutory exception, which was amended in 1987, is entitled "Property exempt from taxes generally," and provides exemptions for school property, cemeteries, public property, and charitable property. Your request indicates that you do not question this aspect of the statute, but inquire more specifically as to the subsections of § 26-3-305 which exempt 4-H houses, and FFA houses. See A.C.A. § 26-3-305 (10). Additionally, this statute was amended in 1987 to include exemption for certain church properties. You have also inquired specifically as to the constitutionality of the exemption for parsonages.
It should be initially noted that the Arkansas Supreme Court has consistently held that:
 taxation is the rule and exemption the exception. Exemptions from taxation must always be strictly construed, regardless of merit, in favor of taxation and against exemption. . . .
City of Fayetteville v. Phillips, 306 Ark. 87, S.W.2d (1991), at 91.
With respect to the exemption of 4-H houses and FFA houses, it is my opinion that if indeed these establishments are privately owned and operated, they in all likelihood do not fall within the categories of exempt property listed in Article 16, § 5. Because they are not exempted by any other provision of the Arkansas Constitution, we must conclude that the exemption of this property is constitutionally suspect.
With respect to the A.C.A. § 26-3-301(11) (Supp. 1989), which addresses church property, and particularly parsonages (see also A.C.A. § 26-3-303), I have attached a copy of Opinion No. 90-299, which addresses this issue. It was concluded in that opinion that the exemption of particular property used as a parsonage in Fort Smith was unconstitutional because it was not used "exclusively for church purposes." The opinion notes that although the constitution only exempts "churches used as such," the Arkansas Supreme Court has apparently interpreted this provision as allowing the exemption of all church property "used exclusively for church purposes." Thus, if a parsonage is used "exclusively for church purposes," it appears that under current Supreme Court doctrine the exemption is constitutional. It was also noted in that opinion, however, that A.C.A. § 26-3-301 (11)(B), relating to the exemption of property used "partially for church purposes and partially for investments or other commercial or business purposes" is contrary to Article 16, §§ 5 and 6.
Your second question is as follows:
 Is A.C.A. § 26-3-302 void as being a violation of Article 16, Sections 5 and 6 of the Constitution of Arkansas?
This statute exempts "intangible personal property" from ad valorem taxation. It is my opinion that this tax exemption is constitutional under Amendment 57 to the Arkansas Constitution.
Your third question is as follows:
 Is A.C.A. § 26-3-303 void as being a violation of Article 16, Sections 5 and 6 of the Constitution of Arkansas?
This statute exempts "parsonages owned by churches and used as homes for pastors." The exemption for parsonages was discussed in response to your first question, as A.C.A. § 26-3-301 was amended in 1987 to also include parsonages and other church property within its provisions. Again, it is my opinion that according to the Supreme Court, the exemption for parsonages and other church property is constitutional as long as the property is used "exclusively for church purposes." This conclusion has been reached by the Supreme Court despite the language of the constitution which only exempts "churches used as such."
Your fourth question is as follows:
 Is A.C.A. § 26-3-304 void as being a violation of Article 16, Sections 5 and 5 of the Constitution of Arkansas?
This statute exempts textile mills from ad valorem taxation for a period of seven years. It is my opinion that this exemption is constitutional under Amendment 12 to the Arkansas Constitution.
Your fifth question is as follows:
 Is A.C.A. § 26-3-305 void as being a violation of Article 16, Sections 5 and 6 of the Constitution of Arkansas?
This statute exempts the property of waterworks associations owned by nonprofit property owners associations from ad valorem taxation. I have attached a copy of Opinion No. 83-55, in which I concur, which concludes that the bill which was ultimately enacted and codified as § 26-3-305, is contrary to Article 16, sections 5 and 6.
Your final question is as follows:
 Is A.C.A. § 26-3-306 void as being a violation of Article 16, Sections 5 and 6 of the Constitution of Arkansas?
This statute exempts the property of certain veterans, their surviving spouses, and their minor dependent children from ad valorem taxation. I am constrained to conclude that the exception for these veterans is constitutionally suspect. The exemption of this property is not authorized anywhere in the Arkansas Constitution, and as such, may be void under Article 16, section 6. This conclusion is mandated by the strict construction applied to tax exemptions. See, City of Fayetteville v. Phillips,supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb