Mrs. EvaLena Mayo Chair, Board of Trustees North West Arkansas Community College P.O. Box 1408 Bentonville, AR 72712
Dear Ms. Mayo:
This is in response to your request for an opinion on whether North West Arkansas Community College is exempt from payment of real property taxes on land it has recently purchased. You state that the college purchased land earlier this year and, while there is no question that the college is exempt from payment of real property taxes for 1993 and years following, there is some question whether the college must pay the real property taxes on the land for 1992. Your questions will be restated and answered in the order posed.
1. If a state agency (exempt from property taxation by A.C.A. §26-3-301(4)) purchases real estate after January 1 of a year, is that real estate exempt from taxation for the year in which it is purchased?
In my opinion, the answer to this question is "no."
Under Arkansas law, all real and personal property is subject to ad valorem taxation unless specifically exempted by the Arkansas Constitution. Ark. Const. art. 16, § 6. The only exemptions authorized by the Constitution are found in Article 16, § 5, which provides:
 The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemetaries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.[1]
In listing property generally exempt from taxation, the Arkansas Code Annotated states in pertinent part as follows:
 All property described in this section, to the extent limited, shall be exempt from taxation:
* * *
 All property, whether real or personal, belonging exclusively to this state, including property of state agencies, institutions, boards, or commissions, or the United States.
A.C.A. § 26-3-301(4) (Cum. Supp. 1991).
In Op. Att'y Gen. 86-494, a copy of which is attached, it was concluded that:
 [T]he manner in which real property taxes are assessed and collected depends upon the status of the property as of the first day of January. Arkansas law does not contain a provision which would allow taxes to be assessed only for the portion of the year in which a taxable organization holds the property. If the property was taxable as of January 1, . . . the correct manner in which to proceed is for the taxes to be assessed for the entire year, without regard to a change in the status during the year.
Arkansas Code Annotated § 26-26-1201 (1987) states that all property is to be assessed on January 1. Additionally, A.C.A. §26-34-101(b) (1987) states that all taxes assessed shall be a lien upon and bind the property assessed from the first Monday of January of the year in which the assessment is made. There is no provision in the Arkansas Code for the State or its agencies to be relieved of liability for the tax on real property after the lien has attached. Accordingly, with regard to the property purchased by the college in 1992, in my opinion, the fact that the land was acquired by an exempt organization after January 1 does not exempt the land from taxation for the entire year of 1992. Rather, the 1992 real estate taxes remain due and payable on the purchased land.
While one might contend that Ark. Const. art. 16, § 5 would prevent this result, it must be recognized that it is the use of the property which determines its exempt status. The Article 16, § 5 exemption would not be applicable where the property was not being used exclusively for a public purpose in the year for which the tax was levied.
2. Since the assessor is not required to complete the assessment of all real and personal property until August 1 of each year, may real estate purchased by an exempt state agencybefore August 1 of a year be reassessed to show that it is exempt for that year?[2]
In my opinion, the answer to this question is "no."
Arkansas Code Annotated § 26-26-1201 (1987) requires that all property in this state shall be assessed by the authorized authority according to its value on January 1. There is no provision which would allow for reassessment of real property except when there is a dispute as to the valuation of the property. See A.C.A. §§ 26-26-1301—1306 (1987). As you have not indicated that there exists such a dispute as to valuation in this particular instance, but rather, the college merely wants to avail itself of the potential tax exemption, this reassessment provision would not be applicable. Similarly, no other provisions for reassessment appear in the state law.
3. If real property taxes for the year of purchase are already assessed on real estate when it is purchased by an exempt state agency, may the taxes be removed from the books of the county in much the same manner as Section 3 of Act 627 of 1987 required the taxes assessed against property of state agencies to be removed in 1987?
In my opinion, the answer to this question is also "no."
Section 3 of Act 627 of 1987 provided that in the event there existed, on April 4, 1987, any claim for real or personal property taxes based on the ownership of the property by a public institution of higher learning, or state agency, institution, board, or commission, the amounts were to be removed from the books of officials of the county in which the property was located and no claim was to be made for payment of the amounts.
This provision appears to have been an attempt to allow an assessor to correct errors in misassessed property. That is, the assessor could remove an assessment from the books when the property should never have been entered in the first place.
Because there is no similar provision which would allow for the removal from the county books of those properties purchased by the State after the original date of assessment and attachment of the lien on the property, we cannot conclude that there exists such an avenue of relief for the college in this particular instance.
4. If it is not possible for real property taxes assessed on real estate purchased by an exempt state agency to be removed from the books of the county, may the assessor prorate the taxes on the real estate between the period of time it is owned by the non-exempt entity and the period of time that it is owned by the exempt state agency so that only the proportion of the taxes owed for the period during which the property is owned by the non-exempt entity is assessed against the real estate?
In my opinion, the answer to this question is also "no."
Again, there is no provision in the Arkansas Code which allows for a proration by the assessor of real property taxes. In my opinion, the college may therefore not have its tax liability prorated based upon the number of days its has owned the property in 1992. Rather, because the tax lien attached on January 1, 1992, the college is liable for the entire amount of real property taxes for that tax year. Certainly, however, liability for taxes is a proper matter of contract between the buyer and seller. An agreement in this regard could bind the seller to pay the taxes which are owed, under the statute, by the buyer.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
[1] As noted in City of Fayetteville v. Phillips,306 Ark. 87, 811 S.W.2d 308 (1991), to be eligible for the Article 16, § 5(b) exemption, the property must be used exclusively for public purposes.
[2] Arkansas Code Annotated § 26-26-1101 (1987) requires the assessor to appraise and assess all real property situated within the boundaries of the county between the first Monday in January and July 1.