The Honorable John W. Parkerson State Representative 520 Ouachita Avenue Hot Springs, AR 71901-5196
Dear Representative Parkerson:
This is in response to your request for an opinion regarding whether the Hot Springs Convention Auditorium should be placed on the Garland County tax roll. The city of Hot Springs is the record owner of the Auditorium and leases it to any group, public or private, who wishes to hold a convention there.
The Constitution of Arkansas states that:
 The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity. (Emphasis added).
See also A.C.A. § 26-3-301(9) (1987).
It must first be noted that the question you have asked is one of fact which must be determined by the assessor in light of all of the circumstances surrounding the use of the auditorium. This office is not in a position to address such factual questions. I will, however, set out the legal test to be applied in making the determination.
To be exempt from taxation, the property in question must meet two requirements. The first is that the property must be public property. This requirement appears to be met because the property is owned by a public entity, the city of Hot Springs. The second requirement is that the property be used exclusively for public purposes. This is a fact question which the tax assessor must decide based upon the information supplied to him. It is the actual type of use to which the property is put that determines whether it enjoys tax exempt status. If the use is exclusively public, it is tax exempt. City of Fayetteville v. Phillips,306 Ark. 87, 90-91, 811 S.W.2d 308, 310 (1991).
In Phillips, supra, however, the court noted that because the property there in question (an arts center) was available for rent to private individuals for a fee, and would at times be closed to the public at large, this could prevent the property from being used exclusively for public purposes. City ofFayetteville v. Phillips, 306 Ark. 87, 94, 811 S.W.2d 308, 312, (1991). This would prevent the property from enjoying tax exempt status. This situation is similar to the one you describe. This case should therefore be considered by the assessor in making the factual determination as to the taxability of the auditorium.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB/JJ:cyh