The Honorable Travis Boyd State Representative 280 West Court Street Piggott, Arkansas 72454-2640
Dear Representative Boyd:
I am writing in response to your request, on behalf of the Mayor of Piggott, for an opinion on whether certain real estate owned by the City of Piggott is exempt from property taxation. You have enclosed with your request a copy of a letter from the Mayor, who poses the following facts and presents the following question:
 The City of Piggott, Arkansas bought real estate and constructed five houses and four apartments thereon with proceeds of a Community Block Grant administered by the Arkansas Department of Finance and Administration, which is a twenty-year forgivable loan. The houses and apartments were constructed for and are being used as low-income housing for citizens of Piggott, Arkansas who qualify as low-income under H.U.D. guidelines.
 Question: Is the real estate owned by the City of Piggott, Arkansas on which the low-income housing is located exempt from taxation as provided by Article 16, Section 5 of the Arkansas Constitution, in view of the Arkansas Supreme Court case of Hogue v. Housing Authority of North Little Rock, Arkansas, 144 S.W.2d 49 (1940)?
RESPONSE
The authority to approve or disapprove a particular tax exemption has not been vested in this office. The question of whether certain property is tax-exempt is a factual question to be answered in the first instance by the assessor, and pursued thereafter through the judicial process. The assessor must decide on a case-by-case basis, following a review of all pertinent facts, whether the property in question is tax-exempt. Information sufficient to allow the assessor to make this factual determination should therefore be forwarded to the assessor's office. All of the surrounding facts and circumstances must be examined in order to identity the nature, extent and usage of the property in question. Seegenerally, Hilger v. Harding College, 231 Ark. 686, 689, 331 S.W.2d 851
(1960).
That being said, I can set out some general law regarding the exemption of real estate from property taxation. This law is to be applied to the relevant facts by the assessor in determining the status of the property.
Article 16, § 5 of the Arkansas Constitution provides in pertinent part as follows:
 (b) The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.
Article 16, § 6 of the Arkansas Constitution provides that:
 All laws exempting property from taxation other than as provided in this Constitution shall be void.
In City of Fayetteville v. Phillips, 306 Ark. 87, 811 S.W.2d 308 (1991), the Supreme Court made the following pronouncement regarding claims of tax exemption:
 As this court has consistently held, taxation is the rule and exemption the exception. Exemptions from taxation must always be strictly construed, regardless of merit, in favor of taxation and against exemption. Hilger v. Harding College, 231 Ark. 686, 331 S.W.2d 851
(1960); Off-Street Parking Development Dist. No. 1 v. City of Fayetteville, 284 Ark. 453, 683 S.W.2d 229 (1985). As stated in Brodie v. Fitzgerald, 57 Ark. 445, 22 S.W. 29 (1893):
 `[E]xemptions, no matter how meritorious, are acts of grace, and must be strictly construed, and every reasonable intendment must be made that it was not the design to surrender the power of taxation or to exempt any property from its due proportion of the burden of taxation.'
 The prior cases underscore the limiting language of the constitutional provision and emphasize the heavy burden on those seeking an exemption.
Phillips, supra at 91-92.
The legislature has "defined" the exemptions listed in Arkansas Constitution, art. 16, § 5 in A.C.A. § 26-3-301. See City of Springdalev. Duncan, 240 Ark. 716, 401 S.W.2d 747 (1966) (stating that the statute was intended to define the types of property exempt from taxation under article 16, § 5). This statute provides in pertinent part that:
 All property described in this section, to the extent limited, shall be exempt from taxation:
* * *
 (6) All lands, houses, and other buildings belonging to any county, city or town used exclusively for the accommodation of the poor. . . .
It may be argued that this statutory language supports an exemption of the property in question based upon the facts you have relayed, but I must note that the statutory language does not end the inquiry. The Arkansas Supreme Court has said on several occasions that notwithstanding the provisions of an applicable statute, the right of exemption must be found in the constitution, since art. 16, § 6 so provides. See MissouriPacific Hospital Association v. Pulaski County, 211 Ark. 9,199 S.W.2d 329 (1947); School District of Fort Smith v. Howe, supra; Brodiev. Fitzgerald, 57 Ark. 445, 22 S.W. 29 (1893), and Ex Parte Gaines,56 Ark. 212, 19 S.W. 602 (1892).
The Arkansas Constitution, in pertinent part, exempts "public property used exclusively for public purposes." Arkansas Constitution, art. 16, §5. The Arkansas Supreme Court, in interpreting Ark. Const. art. 16, § 5, has consistently held that in order for property to be exempt from taxation two elements must be present: 1) the property must in fact be "public property," that is it must be owned by a public entity; and 2) it must be used exclusively for public purposes. See City of Little Rock v.McIntosh, 319 Ark. 423, 892 S.W.2d 462 (1995); Phillips v. City ofFayetteville, 306 Ark. 87, 811 S.W.2d 308 (1991); Wayland v. Snapp,232 Ark. 57, 334 S.W.2d 663 (1960). Both elements must be satisfied to meet the constitutional test. It is not the ownership of the property that entirely determines the matter. The property must also be used "exclusively" for public purposes. Accord Ark. Op. Att'y Gen. No.98-089.
Existing Arkansas case law supports the tax-exempt status of property of a municipal housing authority. See Hogue v. Housing Authority of NorthLittle Rock, 201 Ark. 263, 144 S.W.2d 49 (1940). Your request does not indicate that a municipal "housing authority" is at issue in the instant case, however. The Hogue case was based upon a statutory scheme that authorized the creation of local housing authorities to, among other things, eradicate "slum areas" in the state. The legislature in passing that act expressly determined that "[t]he clearance, replanning, and reconstruction of the areas in which unsanitary or unsafe housing conditions exist and the providing of safe and sanitary dwelling accommodations for person of low income are exclusively public uses and purposes for which public money may be spent. . . ." See A.C.A. §14-169-202(3), the codification of Act 298 of 1937. The court stated that: "[t]he Constitution expressly excepts public property and property devoted exclusively to charity, whether publicly or privately used, from taxation. The Housing Authority is a public agency and its property is public property devoted to a charitable use and as such the Legislature under the Constitution may exempt it from taxation at the hands of the state or any public body thereof." Id. At 272. Two Justices dissented, believing that it was a "contradiction in terms to say that the properties of the housing authority will be devoted to public use, when its express purpose is to limit the use to a restricted portion of the public, these being persons of small income." Id. at 280, (Smith and Mehaffy, dissenting).
A later case, Kerr v. East Central Arkansas Regional Housing Authority,208 Ark. 625, 187 S.W.2d 189 (1945), upheld the tax exempt status of property owned by regional housing authorities authorized under legislation passed to expand the statutory scheme at issue in the Hogue
case. The purpose of the expanded legislation was to provide homes for farmers with low incomes in rural areas and the demolition or "elimination from use" of substandard dwellings. The court, followingHogue, upheld the exemption.
As recently as 1988, the Arkansas Supreme Court has, at least in dicta,
reaffirmed the tax-exempt status of public housing facilities. In HolidayIsland Suburban Improvement District v. Williams, 295 Ark. 442,749 S.W.2d 314 (1988), the court, in denying a tax exemption to property in an up-scale improvement district development, stated:
 The District has provided us with no authority, and our own research has uncovered none, holding that the use of property may be restricted to certain members of the public and still retain a "public purpose" exemption from taxation. Public housing may be an exception, in that usage is generally restricted to individuals earning below a certain median income (See Hogue v. Housing Authority of North Little Rock, supra), but that situation is readily distinguishable for reasons that are self-evident.
Id. at 445-446. See also Chapman v. Bevilacqua, 344 Ark. 262,42 S.W.3d 378 (2001) and City of North Little Rock v. Pulaski County,332 Ark. 578, 968 S.W.2d 582 (1998).
Again, your request does not indicate that the property in question is held by a housing authority. Although your request indicates the property was constructed with proceeds from a "Community Block Grant" administered by the Department of Finance and Administration, the exact state or federal law under which the property was developed is not indicated. Cf.Chapman v. Bevilacqua, 344 Ark. 262, 42 S.W.3d 378 (2001) (discussing the public purpose in connection with community block grants administered in the City of Fort Smith). Although general Arkansas case law supports the tax exempt status of publicly-owned low-income housing, all the attendant facts and any particular state or federal statutes on the question must be considered to determine the outcome.
In this regard, the authority to determine the city's tax liability is vested, in the first instance, in the local tax assessor. See PulaskiCounty v. Jacuzzi Bros., 317 Ark. 10, 875 S.W.2d 296 (1994). Specifically, A.C.A. § 26-26-1001 provides:
 The assessor, at the time of making the assessment of real property subject to taxation, shall enter in a separate list pertinent descriptions of all burying grounds, public school houses, houses used exclusively for public worship, and institutions of purely public charity, and public buildings and property used exclusively for any public purpose, with the lot or tract of land on which the house or institution or public building is situated, and which are by law exempt from taxation. If the property is held and used for other public purposes, he shall state by whom or how it is held.
The assessor should thus make the factual determination as to the tax-exempt status of the property in question, subject to later review in the manner provided by law.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh