The Honorable Bobby L. Glover State Senator P.O. Box 1 Carlisle, Arkansas 72024
Dear Senator Glover:
I am writing in response to your request for an opinion on "whether or not a municipality is required by law to pay to the county real estate tax on revenue producing buildings and property owned by the municipality." You state that "[t]he property is the Hazen Municipal Airport property and it is leased out."
RESPONSE
The authority to approve or disapprove a particular tax exemption has not been vested in this office. The question of whether certain property is tax-exempt is a factual question to be answered in the first instance by the assessor, and pursued thereafter through the judicial process. The assessor must decide on a case-by-case basis, following a review of all pertinent facts, whether the property in question is tax-exempt. Information sufficient to allow the assessor to make this factual determination should therefore be forwarded to the assessor's office. All of the surrounding facts and circumstances must be examined in order to identify the nature, extent and usage of the property in question. Seegenerally, Hilger v. Harding College, 231 Ark. 686, 689, 331 S.W.2d 851
(1960).
That being said, I can set out some general law regarding property tax exemptions and some specific case law involving the taxable status of leased municipal airport property. This law is to be applied to the relevant facts by the assessor in determining the status of the property.
Article 16, § 5 of the Arkansas Constitution provides in pertinent part as follows:
 (b) The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.
Article 16, § 6 of the Arkansas Constitution provides that:
 All laws exempting property from taxation other than as provided in this Constitution shall be void.
In City of Fayetteville v. Phillips, 306 Ark. 87, 811 S.W.2d 308 (1991), the Supreme Court made the following pronouncement regarding claims of tax exemption:
 As this court has consistently held, taxation is the rule and exemption the exception. Exemptions from taxation must always be strictly construed, regardless of merit, in favor of taxation and against exemption. Hilger v. Harding College, 231 Ark. 686, 331 S.W.2d 851
(1960); Off-Street Parking Development Dist. No. 1 v. City of Fayetteville, 284 Ark. 453, 683 S.W.2d 229 (1985). As stated in Brodie v. Fitzgerald, 57 Ark. 445, 22 S.W. 29 (1893):
 `[E]xemptions, no matter how meritorious, are acts of grace, and must be strictly construed, and every reasonable intendment must be made that it was not the design to surrender the power of taxation or to exempt any property from its due proportion of the burden of taxation.'
 The prior cases underscore the limiting language of the constitutional provision and emphasize the heavy burden on those seeking an exemption.
Phillips, supra at 91-92.
The Arkansas Constitution, in pertinent part, exempts "public property used exclusively for public purposes." Arkansas Constitution, art. 16, §5. The Arkansas Supreme Court, in interpreting Ark. Const. art. 16, § 5, has consistently held that in order for property to be exempt from taxation two elements must be present: 1) the property must in fact be "public property," that is it must be owned by a public entity; and 2) it must be used exclusively for public purposes. See City of Little Rock v.McIntosh, 319 Ark. 423, 892 S.W.2d 462 (1995); Phillips v. City ofFayetteville, 306 Ark. 87, 811 S.W.2d 308 (1991); Wayland v. Snapp,232 Ark. 57, 334 S.W.2d 663 (1960). Both elements must be satisfied to meet the constitutional test. It is not the ownership of the property that entirely determines the matter. The property must also be used "exclusively" for public purposes. Accord Ark. Op. Att'y Gen. No.98-089.
You have stated that the property in question is the Hazen Municipal Airport and it is "leased out." You also indicate that the property is "revenue producing buildings and property owned by the municipality." Several cases decided by the Arkansas Supreme Court discuss the taxable status of municipal airport property.
The most recent case is City of North Little Rock v. Pulaski County,332 Ark. 578, 968 S.W.2d 582 (1998). At issue was the taxable status of eleven parcels of real property at the North Little Rock Airport. There was testimony that the airport "enter[ed] into leases with individuals and private entities to use its land to house hangars, fuel stations, repair stations, and the like, with the lessees being responsible for the construction of their own improvements." Id. at 581. The court, relying on its earlier decision of City of Little Rock v. McIntosh,319 Ark. 423, 892 S.W.2d 462 (1995), held that the property was taxable. Although publicly owned, it was not used "exclusively for public purposes." The court reached its conclusion despite the passage of an act passed by the General Assembly (Act 438 of 1995, codified at A.C.A. §14-356-102), purporting to exempt such property from taxation. The court held that the statute was unconstitutional under the separation of powers doctrine, in that the legislature could not make what was essentially a judicial determination, whether certain property met the constitutional test for tax-exempt status.
In reaching its decision on the merits, the court in City of North LittleRock v. Pulaski County, supra, summarized the holding in the earlier case of City of Little Rock v. McIntosh as follows:
 . . . [the McIntosh] court held that certain tracts of property at the Little Rock Municipal Airport leased to private entities were not exempt from ad valorem taxation under Ark. Const. Art. 16, § 5. [The] holding was based upon the fact that the City of Little Rock had failed to prove that the tracts leased to private businesses, which were conceded to be `public land,' were being used `exclusively' for public purposes. In doing so, [the court] focused on the actual use of the land and whether that use was solely for public purposes. The private businesses involved in McIntosh included four car rental companies, one aircraft modification company, two aircraft service companies, and three fixed-based operators.
City of North Little Rock v. Pulaski County, supra at 582-83.
The court in McIntosh drew a distinction between serving the public on the one hand, and exclusively serving a public purpose on the other. As stated by the court in McIntosh, supra:
 It has long been our law that when public land is leased or rented for private uses, ad valorem tax is imposed, even if the profits go back into the public treasury.
Id. at 430.
The court found that even though the private businesses were serving the public under their leases, their purpose was "private gain." Id. at 429. And, according to the McIntosh court, serving the public "in hope of making a profit . . . is different from exclusively serving a public purpose." Id. at 431 (emphasis original). The McIntosh court thus adhered to its prior express holding that "municipally-owned airport land that is leased to private industries is not used for public purposes and therefore is taxable." Id. at 428, citing B.D.T. v. Moore, 260 Ark. 581,543 S.W.2d 220 (1976).
You have not specified the exact use of the property in question. I cannot determine whether the property, as a factual matter, is being used "exclusively for public purposes." In this regard, the authority to determine the taxable status of the property is vested, in the first instance, in the local tax assessor. See Pulaski County v. JacuzziBros., 317 Ark. 10, 875 S.W.2d 296 (1994). Specifically, A.C.A. §26-26-1001 provides:
 The assessor, at the time of making the assessment of real property subject to taxation, shall enter in a separate list pertinent descriptions of all burying grounds, public school houses, houses used exclusively for public worship, and institutions of purely public charity, and public buildings and property used exclusively for any public purpose, with the lot or tract of land on which the house or institution or public building is situated, and which are by law exempt from taxation. If the property is held and used for other public purposes, he shall state by whom or how it is held.
The assessor should thus make the factual determination as to the tax-exempt status of the property in question, subject to later review in the manner provided by law.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh