The Honorable Jimmy "Red" Milligan State Representative Post Office Box 68 Yellville, AR 72687-0068
Dear Representative Milligan:
I am writing in response to your request for my opinion on the following question:
 May a Suburban Improvement District levy an assessment against property within the district that is owned by a city of the second class? For purposes of this question, please assume that the lots are unimproved property, with the purpose of the sale by the city is to attract residents to the city.
RESPONSE
In my opinion, a suburban improvement district has no authority to levy an assessment against tax-exempt city-owned property, i.e., property that is held by the city and used exclusively for public purposes so as to be exempt from ad valorem taxation under Article 16, Section 5 of the Arkansas Constitution. A suburban improvement district may, however, assess city-owned property that is not exempt from ad valorem taxes. The answer to your question thus turns on the tax-exempt status of the particular property, a determination that lies in the first instance with the local tax assessor.
One of my predecessors aptly summarized the rule in this regard as follows:
 City property, even tax exempt property, can be subject to assessment for local improvements. The Arkansas Constitution art. 16, § 5, which exempts `public property used exclusively for public purposes' from property taxation, does not apply to assessments for local improvements. See Rainwater v. Haynes, 244 Ark. 1191, 428 S.W.2d 254
(1968). The legislature may enact a statute, therefore, requiring tax-exempt city property to be subject to local assessments. The constitution does not prohibit such a statute. The rule is that: `[a]lthough the constitutional exemption is stated to be from ad valorem taxation, the same public purpose exemption extends to improvement district assessments unless a statute provides otherwise.' Off-Street Parking Development District No. 1 v. City of Fayetteville, 284 Ark. 453, 683 S.W.2d 229 (1985). No such statute is applicable here, however. There is no statute providing that suburban improvements districts assessments shall apply to city-owned property. Nevertheless, the court held in Off-Street Parking that property held by the city which is not tax-exempt (that is, which is not used exclusively for public purposes) is subject to such assessment even if there is no statute providing so. [Footnote omitted.]
Op. Att'y Gen. 95-348.
I have found no substantive legislative or judicial changes in the law subsequent to the issuance of this opinion, and I concur with the above analysis. The answer to your question thus depends upon whether the particular property at issue is exempt from ad valorem taxation. If it is, then it is not subject to assessment by a suburban improvement district.
I lack both the resources and the authority to make this determination. The city's tax liability is a matter to be determined in the first instance by the local tax assessor, subject to review in the manner provided by law. See, e.g., Pulaski County v. Jacuzzi Bros., 317 Ark. 10,875 S.W.2d 496 (1994). Specifically, A.C.A. § 26-26-1001 provides:
 The assessor, at the time of making the assessment of real property subject to taxation, shall enter in a separate list pertinent descriptions of all burying grounds, public school houses, houses used exclusively for public worship, and institutions of purely public charity, and public buildings and property used exclusively for any public purpose, with the lot or tract of land on which the house or institution or public building is situated, and which are by law exempt from taxation. If the property is held and used for other public purposes, he shall state by whom or how it is held.
A.C.A. § 26-26-1001 (Repl. 1997) (emphasis added).
While I am thus unable to offer a definitive response to your question, I can set out some general law regarding the exemption of real estate from property taxation that may be helpful in addressing particular property.
Article 16, Section 5 of the Arkansas Constitution provides in pertinent part as follows:
 The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.
Ark. Const. art. 16, § 5(b) (emphasis added).
The Arkansas Supreme Court, in interpreting Ark. Const. art. 16, § 5(b), has consistently held that in order for property to be exempt from taxation two elements must be present: 1) the property must in fact be "public property," that is it must be owned by a public entity; and 2) it must be used exclusively for public purposes. See City of Little Rock v.McIntosh, 319 Ark. 423, 892 S.W.2d 462 (1995); City of Fayetteville v.Phillips, 306 Ark. 87, 811 S.W.2d 308 (1991). Both elements must be satisfied to meet the constitutional test. See Ark. Op. Att'y Gen. No.98-089. Regarding the "exclusive public use" requirement (McIntosh,supra, 319 Ark. at 428), a review of the cases reflects instances in which the court has denied an exemption because, in the words of the court, "actual use for a public purpose is required, an expected, intended or contemplated future use not being sufficient to meet the constitutional requirement." City of Fayetteville v. Phillips, supra,306 Ark. at 92, citing City of Springdale v. Duncan, 240 Ark. 716,401 S.W.2d 747 (1966). This principle is also reflected in the following passage:
 It seems clear that the intention was to exempt only that public property which in itself directly subserved some public purpose by actual use, as distinguished from property belonging to the public but not used by it, and from which a benefit accrues to the public, not by the immediate use thereof by the public, but indirectly through selling or renting the same to private parties.
School District of Fort Smith v. Howe, 62 Ark. 481, 486, 37 S.W. 717
(1896) (cited in McIntosh, 319 Ark. at 430). Cf. Op. Att'y Gen. 89-283
(opining that as a general matter, vacant land being held for future use may not be presently "used exclusively for public charity" and thus may be taxable).
The applicability of these general principles with respect to the particular property in question necessarily entails factual determinations for the assessor. In undertaking the factual review, the assessor will also be guided by the well-established rule that "taxation is the rule and exemption the exception." Hilger v. Harding College, 231 Ark. 686,693, 331 S.W.2d 851 (1960). The taxpayer must establish the entitlement to an exemption from taxation "beyond a reasonable doubt." Pledger v.Baldor Int'l, 309 Ark. 30, 33, 827 S.W.2d 646 (1992). A strong presumption operates in favor of the taxing power. Ragland v. General Tire Rubber Co., 297 Ark. 394, 763 S.W.2d 70 (1989). Tax exemptions are strictly construed against the exemption, and "to doubt is to deny the exemption." Baldor, supra at 33.
While I cannot offer an opinion concerning the tax-exempt status of particular property, the foregoing will hopefully be of assistance in identifying the legal framework for the factual review.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh